**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE No.: 7:20-CV-425** |
| | § | |
| **4.587 ACRES OF LAND, MORE OR LESS,** | § | |
| **SITUATE IN STARR COUNTY, STATE OF** | § | |
| **TEXAS, AND FLORENTINO LUERA, ET** | § | |
| **AL.,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT FLORENTINO LUERA'S ORIGINAL ANSWER
AND OBJECTIONS TO PLAINTIFF'S COMPLAINT IN CONDEMNATION
AND DECLARATION OF TAKING AND CROSSCLAIM**

Defendant Florentino Luera hereby files his Original Answer and Objections to the United States of America's Complaint in Condemnation, ECF Dkt. 1, and Declaration of Taking. ECF Dkt. 2. Mr. Luera also asserts a crossclaim against all co-Defendants for adverse possession. In support, Mr. Luera shows the following:

**<u>RESPONSE TO COMPLAINT IN CONDEMNATION</u>**

1.      In response to paragraph 1 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

2.      In response to paragraph 2 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies the allegations in this paragraph. As described below in Defendant's objections and defenses, the Court lacks jurisdiction over this matter because the authorities Plaintiff relies on for

this taking do not authorize Plaintiff to take the property for the public purposes identified in Plaintiff's Complaint in Condemnation and Declaration of Taking.

3.      In response to paragraph 3 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies that the authorities set forth in Schedule A, ECF Dkt. 1-1, at 2, provide authority for the taking in this case.

4.      In response to paragraph 4 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies that Plaintiff has authority to take the property for the public purposes identified in Schedule B. ECF Dkt. 1-1, at 4. Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

5.      In response to paragraph 5 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera admits that the aerial map or plat set forth in Plaintiff's Schedule D, ECF Dkt. 1-1, at 12, appears to be more or less accurate. Defendant Florentino Luera denies that the other aerial maps or plats set forth in Plaintiff's Schedule D, ECF Dkt. 1-1, at 10-11, are accurate maps or plats of the property. Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

6.      In response to paragraph 6 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies that Plaintiff has authority to take this interest in his property for the public purposes identified by Plaintiff. Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

7.      In response to paragraph 7 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies that the sum estimated in this paragraph, which references Plaintiff's Schedule F, constitutes just compensation for the land being taken. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and

for the period of time it seeks, in violation of Fed. R. Civ. P. 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. As described in Defendant's objections and defenses below, the United States does not have authority to take property for the public purposes described in Schedule B and this action should be dismissed.  Alternatively, Defendant Florentino Luera asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Fed. R. Civ. P. 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and any damages that may result from the taking.

8.      In response to paragraph 8 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera admits that he claims an interest in the property. Defendant Florentino Luera denies that the other co-Defendants identified in Plaintiff's Schedule G have an interest in the property such that they would be entitled to any amount of the just compensation for the property that is the subject of this suit.

9.      In response to paragraph 9 of Plaintiff's Complaint in Condemnation, Defendant Florentino Luera denies that local and state taxing authorities have any claim or interest in the property by reason of taxes and assessments due and eligible.

## RESPONSE TO THE DECLARATION OF TAKING

10.     In response to paragraph 1 of Plaintiff's Declaration of Taking, Defendant Florentio Luera denies that the authorities set forth in Schedule A, ECF Dkt. 2-1, at 2, provide authority for the taking in this case.

11.     In response to paragraph 2 of Plaintiff's Declaration of Taking, Defendant Florentino Luera denies that the authorities set forth in Schedule A authorize the United States to take property for the public purposes described in Schedule B. ECF Dkt. 2-1, at 2, 4. Defendant Florentino Luera

does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

12.     In response to paragraph 3 of Plaintiff's Declaration of Taking, Defendant Florentino Luera denies that the individuals listed in Plaintiff's Schedule C, other than Florentino Luera, have any claim or interest in the property that is the subject of this suit. Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

13.     In response to paragraph 4 of Plaintiff's Declaration of Taking, Defendant Florentino Luera admits that the aerial map or plat set forth in Plaintiff's Schedule D, ECF Dkt. 2-1, at 12, appears to be more or less accurate. Defendant Florentino Luera denies that the other aerial maps or plats set forth in Plaintiff's Schedule D, ECF Dkt. 2-1, at 10-11, are accurate maps or plats of the property.

14.     In response to paragraph 5 of Plaintiff's Declaration of Taking, Defendant Florentino Luera denies that Plaintiff has authority to take this interest in his property for the public purposes identified by Plaintiff. Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

15.     In response to paragraph 6 of Plaintiff's Declaration of Taking, Defendant Florentino Luera denies that the sum estimated in this paragraph, which references Plaintiff's Schedule F, constitutes just compensation for the land being taken. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Fed. R. Civ. P. 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. As described in Defendant's objections and defenses below, the United States does

not have authority to take property for the public purposes described in Schedule B and this action should be dismissed. Alternatively, Defendant Florentino Luera asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Fed. R. Civ. P. 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and any damages that may result from the taking.

16.     In response to paragraph 7 of Plaintiff's Declaration of Taking, Defendant Florentino Luera admits that he claims an interest in the property. Defendant Florentino Luera denies that the other co-Defendants identified in Plaintiff's Schedule G have an interest in the property such that they would be entitled to any amount of the just compensation for the property that is the subject of this suit.

17.     In response to paragraph 8 of Plaintiff's Declaration of Taking, Defendant Florentino Luera does not have sufficient knowledge to form a belief as to the truth of the statement in this paragraph.

## DEFENDANT FLORENTINO LUERA'S OBJECTIONS AND DEFENSES

18.     Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant Florentino Luera sets forth the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of the approximately 4.587 acres of land Plaintiff seeks. Defendant would show the following:

19.     The United States has no constitutional authority to exercise eminent domain in this case. "The exercise of the power of eminent domain is vested in the legislative branch of the Government." *2,953.15 Acres of Land v. United* States, 350 F.2d 356, 359 (5th Cir. 1965). "It is clear that a condemnee may challenge 'the validity of the taking for departure from the statutory

limits.'" *United States v. 162.20 Acres of Land*, 639 F.2d 299, 303 (5th Cir. 1981) (quoting *Catlin v. United States*, 324 U.S. 229, 240 (1944)).

20.     The exclusive statutory authority that the United States relies upon for the taking at issue here is cited in Schedule A, ECF Dkt. 1-1, at 2; ECF Dkt. 2-1, at 2.  This authority does not authorize the taking of property for the public purposes identified by the United States in Schedule B. ECF Dkt. 1-1, at 4; ECF Dkt. 2-1, at 4. Specifically, in Section 230 of its Consolidated Appropriations Act for Fiscal Year 2019, Public Law 116- 6, div. A, tit. II, Section 230, 133 Stat. 13 ("FY2019 CAA"), which Plaintiff cites as legal authority and funding for the taking in this case, *see* ECF Dkt. 1-1, at 2; ECF Dkt. 2-1, at 2, Congress appropriated funds to be available "only" as specified therein. Pub. Law No. 116-6, § 230(a). Congress appropriated $1,375,000,000 for the "construction of primary pedestrian fencing, including levee pedestrian fencing, in the Rio Grande Valley Sector." *Id*., at § 230(a)(1). Congress has not appropriated funds for the construction, installation, operation, or maintenance of "a border security tower, roads,…vehicle barriers, security lighting, cameras, sensors, [or] related structures…" which Plaintiff identifies as the public purpose of the taking in this case. ECF Dtk. 1-1, at 4; ECF Dkt. 2-1, at 4. Plaintiff therefore has no authority to take Defendant's property for this purpose. *See* 31 U.S.C. § 1301(a) ("Appropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law."). Plaintiff's taking is *ultra vires* and this Court must invalidate the taking pursuant to the Administrative Procedure Act. 5 U.S.C. § 706(2) (authorizing reviewing court "to hold unlawful and set aside agency action…found to be (A) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; [or] …(C) in excess of statutory…authority…").

21.      To the extent that Plaintiff intends to use funds appropriated by Congress to the Department of Defense ("DoD") and unlawfully transferred for border wall construction to fund this taking Plaintiff violates the FY2019 CAA, federal laws governing military construction including, but not limited to, 10 U.S.C. § 2808, and the Appropriations Clause of the U.S. Constitution, U.S. CONST. art. I, § 9, cl. 7. Plaintiff's taking is arbitrary and capricious, *ultra vires*, not in accordance with law, contrary to constitutional right, power, or privilege, and in excess of statutory authority and this Court must invalidate the taking pursuant to the Administrative Procedure Act. 5 U.S.C. § 706(2) (authorizing reviewing court "to hold unlawful and set aside agency action…found to be (A) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; [or] (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory…authority…").

22.      To the extent that Plaintiff has not cited federal laws that give it authority to take the above-captioned land, Defendant Florentino Luera objects because Plaintiff has failed to comply with 40 U.S.C. § 3114.

23.      Defendant reserves the right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

24.      Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

25.      Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

## **DEFENDANT FLORENTINO LUERA'S CROSSCLAIM FOR ADVERSE POSSESSION**

26.      Pursuant to Fed. R. Civ. P. 13(g) and 18, Defendant Florentino Luera asserts a crossclaim

of adverse possession against all co-Defendants or other interested parties identified by Plaintiff in its Schedule G. *See* ECF Dkt. 1-1, at 19-29.

27.     This Court has jurisdiction of Defendant Florentino Luera's crossclaim for adverse possession pursuant to 28 U.S.C. § 1367(a). This Court has jurisdiction to make title determinations in condemnation cases. *See Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1951) ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs…."); *see also U.S. v. 0.166 Acres of Land, more or less Situate in Parish of Jefferson, La.*, Civil Action No. 09-3714, 2012 WL 3043159, at *2 (E.D. La. July 25, 2012) (same); *see also* Fed. R. Civ. P. 71.1(h)(1) ("In an action involving eminent domain under federal law, the court tries all issues, including compensation,….").

28.     To the extent any co-Defendants or other interested parties identified in Defendant's Schedule G, ECF Dkt. 1-1, at 19-29, have any claim or interest in the property that is the subject of this action, co-Defendants have ceded title to Defendant Florentino Luera pursuant to Chapter 16 of the Texas Civil Practices and Remedies Code. Title to the subject property has vested with Defendant Florentino Luera.

29.     Defendant Florentino Luera holds title to the property by virtue of a Warranty Deed, Document #1998-200518, signed on or about December 3, 1998 and recorded in the deed records of Starr County, Texas on or about December 18, 1998.

30.     Defendant Florentino Luera has actually and visibly appropriated the real property that is the subject of this action for more than ten (10) years under a claim of right and in a manner that is inconsistent with and hostile to any claim of any other person. Following the conveyance of the property that is the subject of this suit to Defendant, Florentino Luera erected a fence around his property fully containing the parent tract that is roughly described by the aerial map or plat in

Plaintiff's Schedule D. *See* ECF Dkt. 1-1, at 12. The fence has stood continuously for more than ten (10) years.

31.     Defendant Florentino Luera raises cattle on his property, including the real property that is the subject of this condemnation action and described as RGV-RGC-1007 in Plaintiff's Schedule D. Defendant Florentino Luera has raised cattle on this property for more than ten (10) years. Since approximately December of 1998 and continuing to the present day, Defendant Florentino Luera has personally visited the property approximately on a weekly basis and often multiple times per week to feed and care for livestock, to maintain the fence and land, and for recreational purposes. Currently, Defendant Florentino Luera visits his property approximately every other day.

32.     Defendant Florentino Luera has possessed the property that is the subject of this condemnation action and the parent tract peaceably and continuously for more than ten (10) years. Other than this condemnation action, Defendant Florentino Luera is aware of no other adverse suit to recover the property that is the subject of this condemnation action or its parent tract by any other individual.

## RELIEF REQUESTED

For the foregoing reasons, Defendant Florentino Luera respectfully requests that the Court:

A.  Enter an order denying the property interest sought by Plaintiff, and dismissing Plaintiff's Complaint in Condemnation and Declaration of Taking pursuant to Fed. R. Civ. P. 71.1(i)(1)(C).

B.   Vest in Defendant Florentino Luera title to or other interest in the property that Plaintiff unlawfully divested by filing its Declaration of Taking under 40 U.S.C. §§ 3113 and 3114.

C.  Allow Defendant Florentino Luera to recover his expenses for attorneys' fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

D.  Alternatively, grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

E.  Grant Defendant any other relief the Court deems proper.

Dated: January 13, 2021

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

*/s/ Peter McGraw*
Peter McGraw
Attorney in Charge
Texas Bar No. 24081036
S.D. Tex. No. 2148236
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410
pmcgraw@trla.org


## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on counsel for Plaintiff in this matter by filing the same with the court's electronic filing system on January 13, 2020. I hereby certify that I will serve a copy of the foregoing document on the known heirs identified in Plaintiff's Schedule G at the addresses listed therein by certified mail, return receipt requested.

*/s/ Peter McGraw*
Peter McGraw