Case 7:20-cv-00425 Document 70 Filed on 02/25/21 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:20-cv-00425 | |
| 4.587 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and § | |
| FLORENTINO LUERA, et al., § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers "Defendant Florentino Luera's Rule 71.1(i)(1)(C) Motion to Dismiss Plaintiff's Complaint in Condemnation and Declaration of Taking,"[1] Plaintiff United States' response,[2] and Defendant's reply.[3] The Court holds Defendant's motion in abeyance for the reasons that follow.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an eminent domain case commenced by Plaintiff United States of America under the Declaration of Taking Act[4] concerning a parcel of land designated Tract RGV-RGC-1007, which is 4.587 acres of land in Starr County, Texas, more particularly described by metes and bounds and map in the United States' Schedules C and D (the Subject Property).[5] Plaintiff United States initiated this case with its complaint in condemnation,[6] declaration of taking,[7] and

---

[1] Dkt. No. 10.
[2] Dkt. No. 50.
[3] Dkt. No. 61.
[4] *See* 40 U.S.C. §§ 3111–18.
[5] *See* Dkt. No. 1-1 at 5–12.
[6] Dkt. No. 1.
[7] Dkt. No. 2.

notice of condemnation[8] on December 18, 2020. The United States seeks to take a fee simple absolute interest in the Subject Property, subject to certain exceptions.[9] The United States intends to use the Subject Property "to construct, install, operate, and maintain a border security tower, roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas."[10] The United States estimated that just compensation for the taking is $21,874,[11] then deposited that amount into the registry of the Court on January 13, 2021.[12]

Also on January 13, 2021, Defendant Florentino Luera appeared via counsel and filed his answer and the instant motion to dismiss.[13] Defendant Luera alleges that he built a fence around the Subject Property and has adversely possessed the Subject Property for the statutory period, and he asserts a cross-claim against all other Defendants and requests the Court vest title in the Subject Property in Defendant Luera alone.[14] Defendant Luera also asserted the defense in his answer that "[t]he United States has no constitutional authority to exercise eminent domain in this case" and has acted to condemn the Subject Property without authorization from Congress.[15] The United States timely[16] filed its response to Defendant Luera's motion to dismiss[17] and the motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 71.1(e)(2)(C) permits a defendant to file an answer that states all of the defendant's "objections and defenses to the taking." Furthermore, "[a]t any time

---

[8] Dkt. No. 3.
[9] Dkt. No. 1-1 at 14.
[10] *Id.* at 4.
[11] *Id.* at 17.
[12] Dkt. No. 11.
[13] Dkt. Nos. 8–10.
[14] Dkt. No. 9 at 7–9, ¶¶ 26–30.
[15] *Id.* at 5–6, ¶¶ 19–20.
[16] *See* LR7.4.A.
[17] Dkt. No. 50.

before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property."[18] The Supreme Court of the United States has preserved a landowner's "preexisting right to question the validity of the taking as not being for a purpose authorized by the statute under which the main proceeding is brought,"[19] and the Court has jurisdiction to determine whether Congress did not authorize a particular taking and dismiss such unauthorized action accordingly.[20] "The court may [inquire] whether the authorized officials were acting in bad faith or arbitrarily or capriciously by condemning given land."[21]

   b. Analysis

The Court must first ascertain whether Defendant Luera's motion to dismiss is properly before the Court. The United States argues that the Federal Rules of Civil Procedure do not permit a defendant in an eminent domain proceeding under Rule 71.1 to file a motion to dismiss.[22] Defendant agrees that "[p]roceedings to condemn real property are governed by FED. R. CIV. P. 71.1."[23] Defendant's motion to dismiss is brought under Rule 71.1(i)(1)(C), which enables a Court to dismiss the action as to a piece of property before compensation is determined and paid. The United States responds that "Rule 71.1(e)(2) does not permit a landowner to move to dismiss a condemnation action."[24] The applicable rule provides in relevant part: "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed."[25] The Court finds that Defendant asserted his violation of congressional appropriations and the Administrative Procedure Act objections and

---

[18] FED. R. CIV. P. 71.1(i)(1)(C).
[19] *Catlin v. United States*, 324 U.S. 229, 241 (1945).
[20] *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) (quotation omitted) ("It is clear that a condemnee may challenge the validity of the taking for departure from the statutory limits."); *see United States v. 2,606.84 Acres of Land in Tarrant Cnty.*, 432 F.2d 1286, 1290 (5th Cir. 1970) ("[W]e think that if Congress had never authorized a dam on the Clear Fork of the Trinity River, then the landowner might here claim under the Catlin rule that his land was being taken for an unauthorized purpose.").
[21] *United States v. 101.88 Acres of Land, more or less, in St. Mary Par.*, 616 F.2d 762, 767 (5th Cir. 1980).
[22] Dkt. No. 50 at 2, ¶ 3.
[23] Dkt. No. 10 at 5.
[24] Dkt. No. 50 at 2, ¶ 3.
[25] FED. R. CIV. P. 71.1(e)(3).

defenses in his answer.[26] Because Defendant raised these defenses, they are not waived.[27] Indeed "[t]he sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner."[28] To the extent the motion to dismiss reasserts or elaborates upon Defendant's objections and defenses, and the motion merely lends polish and completeness to Defendant's objections to the taking raised in his answer, the Court holds that the motion does not constitute an "additional objection or defense" that would be disallowed under Rule 71.1(e).[29] Defendant's motion is therefore permissible to comply with Rule 7(b)(1)[30] and to put the Court and parties on notice of a pending motion and its associated deadlines under Local Rule 7.

The United States additionally argues that it has already taken title over the Subject Property under the Declaration of Taking Act.[31] Because the United States has already taken title, Plaintiff argues, the Court should dismiss Defendant's motion under Rule 71.1(i)(1)(C). That Rule provides in full:

> At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property. But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken.[32]

---

[26] *See* Dkt. No. 9 at 5–7, ¶¶ 19–21.
[27] *Cf. Mt. Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 364 (4th Cir. 2019) ("Because WPPLP did not raise the indispensable parties argument in its answer to MVP's complaint, it waived its objection on this basis.").
[28] *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981).
[29] *See Vill. of Wheeling v. Fragassi*, No. 09 C 3124, 2010 WL 3087462, at *3 (N.D. Ill. Aug. 2, 2010) ("The Court first notes that Rule 71.1(e)(3) bars motions 'asserting an *additional* objection or defense.' In the present case, the [defendant's] motion only raises defenses that were contained in its answer.").
[30] *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion.").
[31] Dkt. No. 50 at 9, ¶ 18; *see United States v. Dow*, 357 U.S. 17, 22–23 (1958) (quoting 40 U.S.C. § 3114(b)) ("Section 1 of the Declaration of Taking Act provides: 'Upon the filing said declaration of taking (prior to judgment in a condemnation proceeding) and of the deposit in the court * * * of the estimated compensation * * * title * * * shall vest in the United States * * * and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation * * * shall vest in the persons entitled thereto.'").
[32] FED. R. CIV. P. 71.1(i)(1)(C).

The Court will closely parse the language of Rule 71.1(i)(1)(C). The Court may dismiss an eminent domain action "[a]t any time before compensation has been determined and paid."[33] Under Rule 71.1(h), the Court determines compensation (usually after the close of discovery) unless the defendant has timely requested a jury[34] or the Court appoints a special commission (usually for complex takings). In any case, just compensation is not fixed, determined, or paid by the United States' estimate or deposit into the Court's registry. The "court tries all issues, including compensation," except when there is a jury or special commission,[35] and even then the District Court sets all "ground rules" for the determination of just compensation at the time of trial.[36] The Court's ability to dismiss the action as to a piece of property is limited, however, by the caveat: "[b]ut if the plaintiff has already taken title . . . the court must award compensation for the title, lesser interest, or possession taken."[37] Under the Declaration of Taking Act:

> On filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration--
> **(1)** title to the estate or interest specified in the declaration vests in the Government;
> **(2)** the land is condemned and taken for the use of the Government; and
> **(3)** the right to just compensation for the land vests in the persons entitled to the compensation.[38]

In short, "the filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."[39] Nevertheless, the Court "may fix the time within which, and the terms on which, the parties in possession shall be required to surrender

---

[33] FED. R. CIV. P. 71.1(i)(1)(C).
[34] *But see Ga. Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979) (holding defendants have no right to a jury trial), *aff'd sub nom. Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc); *United States v. 320.0 Acres of Land, more or less in Monroe Cnty.*, 605 F.2d 762, 819–20 (5th Cir. 1979) (courts will conduct a preliminary screening of the briefs and anticipated evidence submitted to determine whether the evidence is sufficient to order a jury trial if one is requested).
[35] FED. R. CIV. P. 71.1(h)(1).
[36] *United States v. 320.0 Acres of Land, more or less in Monroe Cnty.*, 605 F.2d 762, 808 (5th Cir. 1979) (quoting *United States v. Reynolds*, 397 U.S. 14, 20 (1970)).
[37] FED. R. CIV. P. 71.1(i)(1)(C).
[38] 40 U.S.C. § 3114(b); *see United States v. Dow*, 357 U.S. 17, 23 (1958) (holding that title vests in the United States).
[39] *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981).

possession" to the United States.[40] The United States acquires legal title, "[a] title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest,"[41] whereas landowner defendants retain immediate possession, "[p]ossession that is . . . retained directly or personally."[42] The Court may later order defendant landowners to surrender possession or otherwise order a transfer of immediate possession to the United States.

Read as a whole, Rule 71.1(i)(1)(C) means that the Court may dismiss an action before ordering possession or establishing just compensation, but the Court must award compensation for the landowner's deprivation of legal title once the United States accomplishes the taking by (1) filing the declaration and (2) depositing the estimated just compensation in the Court's registry. Therefore, the United States' argument that, because it acquired legal title under the Declaration of Taking Act, the Court should therefore dismiss the landowner's motion is a non sequitur, and conflicts with appellate precedent.[43] The Court must decree the transfer of full title (including possession), the process is not automatic.[44] The Court must also award compensation for any deprivation of title, temporary or permanent,[45] but may also, pursuant to Rule 71.1(i)(1)(C), "dismiss the action as to a piece of property."

The United States' argument proves too much. According to the United States' interpretation, it could theoretically file a condemnation action over property which it has no right to take, and so long as the United States filed the declaration of taking and deposited the amount of estimated compensation in the Court's registry pursuant to the Declaration of Taking

---

[40] 40 U.S.C. § 3114(d)(1).
[41] *Legal Title*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[42] *Immediate Possession*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[43] *See United States v. Muñiz*, 540 F.3d 310, 314 (5th Cir. 2008) (quoting *Wash. Metro. Area Transit Auth. v. One Parcel of Land in D.C. Vestry of Rock Creek Par.*, 514 F.2d 1350, 1351 (D.C. Cir. 1975) ("[A]n order of possession is final and subject to review if it operates to defeat the right of the property owner to challenge the validity of the taking in the condemnation proceeding."); *see infra* note 47.
[44] *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981).
[45] *Kirby Forest Indus. v. United States*, 467 U.S. 1, 12 n.18 (1984) ("The Rule does not suggest that a court order dismissing a suit has the effect of nullifying a taking that has already occurred. Indeed, to the contrary, the Rule forbids the district court to dismiss an action (without awarding just compensation) if the Government has acquired any 'interest' in the property.").

Act, title would automatically pass to the United States and the landowner would have no opportunity to challenge any taking that complied with the two procedural steps.[46] But "[l]andowners have the right to question whether, and the court has jurisdiction to hear claims that, a taking was invalid as not being for a purpose authorized by the statute under which the proceeding is sought"[47] because Congress determines what land may be taken with important limitations.[48] The Declaration of Taking Act itself "does not bestow independant [sic] authority to condemn lands for public use. On the contrary, it provides a proceeding 'ancillary or incidental to suits brought under other statutes,'"[49] and the Act "could not have been intended to whittle down the property owner's rights."[50] The Court may inquire "whether the authorized officials were acting in bad faith or arbitrarily or capriciously by condemning given land."[51]

The Court must not interpret Rule 71.1 to reach the absurd conclusion that landowners may not challenge or seek dismissal of even unauthorized takings,[52] and will interpret Rule 71.1

---

[46] *See* Dkt. No. 50 at 9, ¶ 18 ("[T]he Court should dismiss the landowner's Motion because, pursuant to federal condemnation law, the United States already has title to this property and dismissal is improper.").

[47] *United States v. 1.16 Acres of Land, more or less, in Cameron Cnty.*, 585 F. Supp. 2d 901, 905–06 (S.D. Tex. 2008) (Hanen, J.) (citing *Catlin v. United States*, 324 U.S. 229, 240 (1945)); *see United States v. 2,606.84 Acres of Land in Tarrant Cnty.*, 432 F.2d 1286, 1290 (5th Cir. 1970) ("[A] landowner has a right to question the validity of a taking as not being for a purpose authorized by the statute under which the proceeding is brought."); *United States v. 58.16 Acres of Land, more or less, in Clinton Cnty.*, 478 F.2d 1055, 1059–60 (7th Cir. 1973) ("Thus the rule contemplates that the court in which the condemnation proceeding is filed shall ordinarily, in advance of determining just compensation, decide whether the governmental agency was authorized to take the lands sought to be condemned. . . . There can be no doubt in our minds that the landowners under these circumstances were entitled to a hearing on their objections to the taking prior to their being required to vacate their homestead and that the hearing need not or should not have been deferred until a determination of just compensation. The fifth amendment's mandate . . . required no less."); *U.S. Dep't of Interior v. 16.03 Acres of Land, more or less, in Rutland Cnty.*, 26 F.3d 349, 355 (2d Cir. 1994) (holding that "case law preponderates in favor of subjecting condemnation decisions to judicial review" and requiring an "ultra vires" standard of review); *United States v. 2,974.49 Acres of Land, more or less, in Clarendon Cnty.*, 308 F.2d 641, 643 (4th Cir. 1962) (emphasis added) ("*Once it had determined that the condemnation was authorized by statute and that the statutory requirements had been complied with*[,] the court was without power to dismiss the condemnation proceedings and Declaration of Taking.").

[48] *2,953.15 Acres of Land, more or less, in Russell Cnty. v. United States*, 350 F.2d 356, 359 (5th Cir. 1965) ("The exercise of the power of eminent domain is vested in the legislative branch of the Government. The power may be exercised directly or may be delegated to be exercised in any manner the Congress sees fit as long as constitutional restraints are not violated.").

[49] *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) (quoting *United States v. Dow*, 357 U.S. 17, 23 (1958)).

[50] *Bishop v. United States*, 288 F.2d 525, 528 (5th Cir. 1961).

[51] *United States v. 101.88 Acres of Land, more or less, in St. Mary Par.*, 616 F.2d 762, 767 (5th Cir. 1980).

[52] *United States v. Solis-Campozano*, 312 F.3d 164, 166 (5th Cir. 2002) ("No authority need be cited for the rule that such plain meaning [of a statute, regulation, or rule] controls, unless it leads to an absurd result.").

consistently with the Supreme Court's admonishment that property owners may challenge a taking for departing from statutory limits.[53] Such an interpretation of Rule 71.1(e) to permit a landowner's motion to challenge the taking harmonizes with Rule 71.1(i) and the constitutional and jurisprudential limitations on takings, and is consistent with the interpretative canon that courts "read all parts of the statute together to produce a harmonious whole."[54] Accordingly, the Court finds that Defendant's defenses and objections raised in his answer are properly before the Court and that Defendant's motion is justiciable,[55] but only to the extent Defendant's motion asserts those defenses and objections to the taking originally raised in his answer.

Nevertheless, the Court will hold Defendant's motion to dismiss and related briefs in abeyance until Defendant Luera's challenge under Rule 71.1(i)(1)(C) fully ripens, which will be when the United States seeks to acquire possession or any party moves to fix just compensation.[56]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of February 2021.

_____
Micaela Alvarez
United States District Judge

---

[53] *Maiatico v. United States*, 302 F.2d 880, 886 (D.C. Cir. 1962) (quoting *Catlin v. United States*, 324 U.S. 229, 240 (1945)) (footnotes omitted) ("[I]t is not for us to determine whether or not a particular project be desirable. That is within the power of the Congress, however, subject to the right of the owners 'to challenge the validity of the taking for departure from the statutory limits.'"), *cited in United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981); *see Higginson v. United States*, 384 F.2d 504, 507 (6th Cir. 1967) (holding that vesting of title under the Declaration of Takings Act is "subject to a right of the former land owner to challenge the taking as not being for the prescribed statutory purpose").
[54] *Doe v. KPMG, LLP*, 398 F.3d 686, 688 (5th Cir. 2005).
[55] *See United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) (holding that, in eminent domain cases brought under the Declaration of Taking Act, "the concept of justiciability limits judicial review to the bare issue of whether the limits of authority were exceeded").
[56] *See supra* notes 43, 47.