**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE No.: 7:20-CV-425** |
| | § | |
| **4.587 ACRES OF LAND, MORE OR LESS,** | § | |
| **SITUATE IN STARR COUNTY, STATE OF** | § | |
| **TEXAS, AND FLORENTINO LUERA, ET** | § | |
| **AL.,** | § | |
| | § | |
| *Defendants.* | § | |

**MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT LUERA'S**
**ADVERSE POSSESSION CROSSCLAIM**

i

# TABLE OF CONTENTS

I.   Procedural Background ............................................................................................. 1

II.  Summary Judgment Standard ................................................................................ 3

III. Summary of Applicable Texas Property Law ..................................................... 4

IV.  Arguments and Authorities .................................................................................... 5

   a.   Defendant Florentino Luera owns the Property that is the subject of this taking by adverse possession. ................................................................................................................... 5

      i.    Defendant Luera appropriated and possessed the Property in a manner sufficient to give notice to any other record title owner. ............................................................. 5

      ii.   Defendant Luera's possession of the Property was and is peaceable. .......................... 7

      iii.  Defendant Luera possessed the Property under a claim of right that is hostile and adverse to any other record title owner. ...................................................................... 7

      iv.   Defendant Luera has possessed the Property for the requisite statutory period. ........... 8

V.   Conclusion ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) .................................................... 3

*Boerschig v. Southwestern Holdings, Inc.,* 322 S.W.3d 752 (Tex. App. El Paso 2010) ............... 8

*Calfee v. Duke,* 544 S.W.2d 640, 642 (Tex. 1976) .................................................................. 7

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ................................................................ 4

*Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950) .................................................................. 3

*Clements v. Corbin*, 891 S.W.2d 276, 279 (Tex. App. – Corus Christi-Edinburg 1994) .............. 6

*Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) ............................. 3

*Harlow v. Giles*, 132 S.W.3d 641, 646 (Tex. App. – Eastland, 2004, pet. denied) ...................... 9

*Hunter v. Dodds*, 624 S.W.2d 365, 369 (Tex. App. – Waco 1981) ............................................ 9

*Mendoza v. Ramirez*, 336 S.W.3d 321, 328 (Tex. App. – El Paso 2010) .................................... 6

*Mendoza v. Ramirez*, 336 S.W.3d 321, 328 (Tex. App. – El Paso, 2010) .................................... 6

*Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988) ................................................. 4

*Minh Thu Tran v. Macha*, 213 S.W.3d 913, 915 (Tex. 2006) .................................................... 8

*Osborn v. Deep Rock Oil Corp.*, 267 S.W.2d 781, 785 (Tex. 1954) ........................................... 6

*Parker v. McGinnes*, 842 S.W.2d 357, 360 (Tex. App.-Houston [1st Dist.] 1992) ...................... 5

*Rhodes v. Cahill,* 802 S.W.2d 643, 645 (Tex. 1990) ................................................................ 4

*Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex. 1990) ................................................................ 5

*Short v. Lyness*, 572 S.W.2d 116, 119 (Tex. App. – Waco 1978) .............................................. 5

*Southern Pine Lumber Co. v. Hart,* 340 S.W.2d 775, 782 (Tex. 1960) ....................................... 7

*Temple Eastex Inc. v. Busby*, 696 S.W.2d 609, 611 (Tex. App.- Beaumont 1985, ref. n.r.e.) ........ 7

*U.S. v. 0.073 acres of land, more or less, situate in Parishes of Orleans and* Jefferson, 705 F.3d 540, 544 (5th Cir. 2013) ................................................................................................... 4

*United States v. 1,078.27 Acres of Land, More or Less*, 446 F.2d 1030, 1040 (5th Cir. 1971) ...... 4

*Wofford v. McKinna*, 23 Tex. 36 (1859) ...................................................................................... 9

*Wolgamot v. Corley*, 523 S.W.2d 491, 495 (Tex. App. – Waco 1975) ......................................... 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 16.021(1) ................................................................................... 7

Tex. Civ. Prac. & Rem. Code § 16.021(3) ................................................................................. 10

Tex. Civ. Prac. & Rem. Code § 16.025(a)(1)-(3) ....................................................................... 7

Tex. Civ. Prac. & Rem. Code §§ 16.025 .................................................................................... 10

**Other Authorities**

Powell On Real Property, § 1013 ................................................................................................ 8

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................................... 6

Fed. R. Civ. P. 71.1(a) ................................................................................................................ 6

Fed. R. Civ. P. 71.1(h)(1) ........................................................................................................... 6

Pursuant to the Court's July 20, 2021 Order, and Rules 71.1(h) and 56 of the Federal Rules of Civil Procedure, Defendant Florentino Luera ("Mr. Luera") files this motion for partial summary judgment on his adverse possession crossclaim.[1] Mr. Luera seeks an order establishing that he is the sole owner of the Property[2] that is the subject of this action by adverse possession and that he is therefore entitled to all just compensation to be paid for the Property, if any, or revestment of title.[3] In support, Mr. Luera submits the following arguments and evidence:

### I.    Procedural Background

1.    Plaintiff United States filed this condemnation action on December 18, 2020. ECF Dkt. 1. Plaintiff identified Defendant Florentino Luera as one of eighty-eight (88) known individuals who have an interest in the Property. ECF Dkt. 101, at 19-29. Plaintiff also identified thirty (30) deceased individuals whose unknown heirs may have an interest in the Property. *Id.*

2.    On January 13, 2021, Mr. Luera filed his original answer, objections, and crossclaims, ECF Dkt. 9, as well as a motion to dismiss Plaintiff's complaint in condemnation and declaration of taking. ECF Dkt. 10. Plaintiff sent his original answer, objections, and crossclaims by certified mail to all known co-Defendants and later obtained an order pursuant to FED. R. CIV. P. 5(c) excusing service of additional pleadings on all co-defendants. *See* ECF Dkt. Nos. 9, 94. On March 8, 2021 and August 18, 2021, Defendant mailed a copy of the Court's order excusing service under

---

[1] Recently the Texas Supreme Court has clarified that adverse possession suits should be brought as one type of trespass-to-try-title claim, but held that a plaintiff who brought an "action to quiet title" making adverse possession allegations did not forfeit their claim. *Brumley v. McDuff*, 616 S.W.3d 826, 836 (Tex. 2021) ("Much as a party does not turn a trespass-to-try-title dispute into a declaratory-judgment action through artful pleading, a party does not forfeit its trespass-to-try-title action by inartfully naming it.").

[2] Throughout this motion, the propery that is the subject of the takings action will be referred to as "the Property" and the land on which the Property sits that Mr. Luera owns will be referred to as the "Parent Tract."

[3] Defendant Luera maintains that Plaintiff lacks authority for this taking for the reasons articulated in Defendant's motion to dismiss, response to Plaintiff's motion to strike, and related briefing. *See* ECF Dkt. Nos. 10, 61, 69.

Rule 5(c) to all co-Defendants with known addresses who have not been dismissed from the case.[4] *See* Exhs. 7 (Decl. of Ricardo Arenas), 8 (Decl. of Peter McGraw).

3.    Plaintiff has attempted to identify, locate, and serve the individuals it claims have an interest in the Property. Many co-Defendants have filed waivers of service. *See* ECF Dkt. 13-37, 40-48, 51-54, 56-60, 62, 64, 66-68, 79-80, 90-91, 102, 105, 109, 113-114, 122, 127, 137, 139-140, and 161-163. As of the date this motion is filed, none of the co-Defendants who executed waivers of service have appeared in this action.[5] Other co-Defendants have disclaimed any interest in the Property. *See* ECF Dkt. 5, 39, 49, and 124. Others of the original co-Defendants have been dismissed. *See* ECF Dkt. 104, 123, and 165. Still other individuals have been substituted as co-Defendants in this case. *See* ECF Dkt. 104, 126, 136, 154, 160, and 165. As of the date of the date this motion is filed, none of the substituted co-Defendants have appeared in this action.

4.    On July 20, 2021, the Court ordered Defendant Luera to file this motion seeking a favorable judgment on his adverse possession claim no later than August 19, 2021. ECF Dkt. 166.

5.    If the Court is unable to determine Mr. Luera's adverse possession claim based on the arguments and evidence included with this motion, Mr. Luera seeks an oral hearing to assist the

---

[4] Plaintiff's updated Schedule G lists seven (7) individual co-defendants with unknown addresses – Luis Alberto Gomez, Juanita Gomez, Rosa Hilda Gomez Navarro, Alonzo Gomez, Morgan Paige Castellon, Travis Arthur Castellon, and "Mr. Vidales." *See* ECF Dkt. 173-1, at 2-4, 6, 10. Undersigned counsel is attempting to obtain addresses for each of these individual co-defendants through searches of a database operated by LexisNexis that aggregates publicly available data from county tax offices, voter registration records, criminal records, civil judgments, and other public sources of information as well as through searches of publicly available records from county tax offices and district and county clerks. Because limited identifying information is available about each co-defendant, undersigned counsel cannot confirm that addresses obtained through these searches are current or accurate for each co-defendant. Undersigned counsel is reasonably confident that he has obtained the current address for Travis Arthur Castellon and has mailed a copy of the Court's Order, ECF Dkt. 94, to that address. Exh. 8 at 2, ¶5. Plaintiff is attempting to contact Morgan Paige Castellon through her counsel in another civil case. *Id.*

[5] Co-defendants Palmyra Benavides, Nelia Benavides, Cristina Gomez, Elvialisa Garcia, and Tanya Gaytan have answer deadlines that post-date the filing of this motion. *See* ECF Dkt. Nos. 161-163, 169, 177.

Court in its determination.[6]

## II.      Summary Judgment Standard

6.      In condemnation actions, courts have the authority to determine who owns the property

subject to taking. FED. R. CIV. P. 71.1(h)(1) ("In an action involving eminent domain under federal

law, the court tries all issues…."); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950) (courts have

authority "to find out whom [the subject property] justly belongs").

7.      The Federal Rules of Civil Procedure apply in condemnation actions, except to the extent

that FED. R. CIV. P. 71.1 provides otherwise. *See* FED. R. CIV. P. 71.1(a); *Transwestern Pipeline*

*Co. v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 550 F.3d 770, 775 (9th Cir. 2008) (Rule

71.1(a) "specifically incorporates the other Rules."); *see also Gulf South Pipeline Company LP v.*

*Douglas*, Civil Action No. 4:19-CV-02890, 2020 WL 2771191 (May 28, 2020) (granting summary

judgment in condemnation action).

8.      A movant is entitled to summary judgment if "…there is no genuine dispute as to any

material fact" and the movant shows that he is "entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a). A genuine dispute exists where a reasonable jury could return a verdict for the non-

moving party. *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000). Facts

are material where they "might affect the outcome of the suit under the governing law." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The purpose of Rule 56 is to isolate and dispose

---

[6] In particular, if necessary, Mr. Luera can provide detailed oral testimony about where the Property is located on the Parent Tract. Mr. Luera can also provide his old cellular phone which contains the original photograph included as Attachment 14 with his declaration. Mr. Luera was unable to transfer this photo to a computer or other cellular phone for submission to the Court. Also, if necessary, Mr. Luera also intends to call a custodian of records to testify regarding records indicating that he has paid taxes for the Property since 1999 and items listed in FED. R. EVID. 803(6). Exh. 6; *see Heller v. Shahroodi*, No. H-17-2554, 2019 WL 1556315, at *3 (S.D. Tex. Feb. 20, 2019) (citing *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008) (per curiam)) (courts "may consider hearsay at the summary judgment stage if the hearsay could be reduced to a form admissible at trial.").

.

of matters about which there is no material dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988). Rule 56(a) permits a movant to seek partial summary judgment. FED. R. CIV. P. 56(a) (a party may identify the "part of each claim or defense" upon which it seeks summary judgment).

### III.    Summary of Applicable Texas Property Law

9.    Courts look to substantive state law to determine ownership of the property in condemnation actions. *See U.S. v. 0.073 acres of land, more or less, situate in Parishes of Orleans and* Jefferson, 705 F.3d 540, 544 (5th Cir. 2013) ("Though the meaning of 'property'…in the Fifth Amendment is a federal question, it will normally obtain its content by reference to local law.") (internal citations omitted); *United States v. 1,078.27 Acres of Land, More or Less*, 446 F.2d 1030, 1040 (5th Cir. 1971).

10.    In Texas adverse possession means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE § 16.021(1). To claim title under adverse possession an individual must establish: (1) visible appropriation and possession of the land, sufficient to give notice to the record title holder, that is (2) peaceable, (3) under a claim of right hostile to the title holder's claim, and (4) that continues for the time period specified in the applicable statute. *Rhodes v. Cahill,* 802 S.W.2d 643, 645 (Tex. 1990).

11.    Texas law sets out five- and ten-year adverse possession periods. An individual must bring suit within five years to recover property from another individual who holds the property in peaceable and adverse possession and who "cultivates, uses or enjoys the property;…pays applicable taxes on the property; and…claims the property under a duly registered deed." TEX. CIV. PRAC. & REM. CODE § 16.025(a)(1)-(3). When the adverse possessor only "cultivates, uses,

4

or enjoys the property" the individual seeking to recover the property must bring suit within ten years. *Id.*, at § 16.026(a). The burden is on the adverse possessor to prove every fact essential to his claim by a preponderance of the evidence. *Parker v. McGinnes*, 842 S.W.2d 357, 360 (Tex. App.-Houston [1st Dist.] 1992), writ denied) (citing *Rhodes*, 802 S.W.2d at 645).

## IV.   Arguments and Authorities

### a.   Defendant Florentino Luera owns the Property by adverse possession.

12.     As explained below, Defendant Luera satisfies each element of adverse possession under state law and is entitled to summary judgment on his crossclaim.

#### i.   Defendant Luera appropriated and possessed the Property in a manner sufficient to give notice to any other record title owner.

13.     "The requirement of an open, notorious, and visible claim is based on the policy that existing rights in land should not be lost without giving the owner an opportunity to take preventative action with reasonable promptness." POWELL ON REAL PROPERTY, § 1013. The adversely possessed land must be used for a purpose for which it is adaptable and capable of being used. *Short v. Lyness*, 572 S.W.2d 116, 119 (Tex. App. – Waco 1978). Texas courts presume knowledge by the record owner when the claimant's acts are sufficiently open, visible and notorious. *Wolgamot v. Corley*, 523 S.W.2d 491, 495 (Tex. App. – Waco 1975) ("…constructive notice of such repudiation of the record owner's title may be sufficient if the adverse occupancy is long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others.") (citing *Vasquez v. Meaders*, 291 S.W.2d 926 (Tex. 1956)).

14.     An adverse claimant's construction of a fence and cultivation of the enclosed land, including by grazing of animals, is sufficient to satisfy this element of an adverse possession claim. *See Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex. 1990) (describing the difference between "casual fences" and "designed enclosures" and stating that the latter "is sufficient to support a jury finding

of adverse possession"); *Osborn v. Deep Rock Oil Corp.*, 267 S.W.2d 781, 785 (Tex. 1954) ("When the use relied upon to support the statute is grazing, there must be also at the same time sufficient enclosure, such as to give evidence that the land was designedly enclosed and to show the assertion of claim hostile to the true owner."); *Clements v. Corbin*, 891 S.W.2d 276, 279 (Tex. App. – Corus Christi-Edinburg 1994) ("Cultivating the land continuously over a ten year period is generally sufficient to establish open, notorious, and hostile possession."); *Mendoza v. Ramirez*, 336 S.W.3d 321, 328 (Tex. App. – El Paso 2010) ("Acts that may show actual and visible appropriation of real property include grazing cattle, building fences, and the occupation of land.") (citing cases).

15.     Shortly after purchasing the land on which the Parent Tract in 1998, Florentio Luera began erecting a fence around the Parent Tract to exclude people who did not have his permission to be on the land. *See* Exh. 2, at ¶¶12, 14-19 (Decl. of Florentino Luera). Mr. Luera purchased materials and completed the fence that continues to surround the entire Parent Tract at least fifteen years ago. *Id.*, at ¶¶15-17. Mr. Luera has made repairs to the fence and constructed a gate and cattle grate which serves as the entry to the Parent Tract near Chapeno Road. *Id.*, at ¶¶18-19. The fence is visible to anyone in the vicinity of the Parent Tract. *Id.*, at ¶19.

16.     The fence that Defendant Luera erected around the Parent Tract also surrounds the Property. *Id.*, at ¶¶25-28. Each survey marker described in Plaintiff's legal description of the Property sits inside the fence that Defendant Luera erected, on the Parent Tract. *Id.*, at ¶¶27-28.

17.     Mr. Luera has cultivated and used the Parent Tract, including the Property, for approximately two decades. *Id.*, at ¶22; Exh. 3, at ¶2 (Decl. of Ricardo Loera). He has raised horses and cattle for sale at auctions and continues to raise cattle, sheep, pigs, and chickens on the Parent

Tract today. *Id.*, at ¶¶22-24. Mr. Luera also uses the Parent Tract to access his other property that abuts the Rio Grande River and as a recreational rifle and pistol shooting range. *Id.*, at ¶5.

18.     Mr. Luera's possession of the Parent Tract and the Property has been open, notorious, and visible sufficient to give notice to any other individual claiming an ownership interest for at least fifteen, longer than is necessary under Texas law to permit him to invoke adverse possession. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.025, 16.026.

> **ii.   Defendant Luera's possession of the Property was and is peaceable.**

19.     Peaceable possession is possession that is continuous and uninterrupted by an adverse suit to recover the property by the record owner or another individual claiming ownership of the property or someone claiming under the record owner. TEX. CIV. PRAC. & REM. CODE § 16.021(3); *see also Temple Eastex Inc. v. Busby*, 696 S.W.2d 609, 611 (Tex. App.- Beaumont 1985, ref. n.r.e.). In order to terminate the adverse possession, the suit must be duly prosecuted to final judgment. *Id.* Further, a person claiming to be an adverse possessor must exclude the record owner. *Southern Pine Lumber Co. v. Hart,* 340 S.W.2d 775, 782 (Tex. 1960).

20.     Mr. Luera has excluded all individuals who did not have his express permission to enter the Parent Tract and the Property since the time that he erected the fence surrounding the Parent Tract, including any other record owners. Exh. 2, at ¶20; Exh.3, at ¶4. He is not aware of any claim, demand, or lawsuit against him regarding the Parent Tract or the Property other than this action since he purchased the property and began possessing it in December 1998. *Id.*; Exh. 3, at ¶5.

> **iii.   Defendant Luera possessed the Property under a claim of right that is hostile and adverse to any other record title owner.**

21.     A "claim of right" is defined as the claimant's intention to appropriate or claim the land as his or her own. *Calfee v. Duke,* 544 S.W.2d 640, 642 (Tex. 1976). In order to satisfy this element, the possessor must intend to appropriate the property as her own. "If by mental reservation the

possessor intends to hold the land only until or unless the true owner appears, his claim of right does not satisfy this requirement." *Id.* The Texas Supreme Court has held that the actual and visible possession and use of the property, coupled with the intent to hold the property as one's own to the exclusion of all others, satisfies the statutory requirements of adverse possession and cannot be defeated by possessor's knowledge of the deficiency of his record title or by the absence of a realization that there could be other claimants for the land. *Id.* (cited by, *Minh Thu Tran v. Macha,* 213 S.W.3d 913, 915 (Tex. 2006); *Boerschig v. Southwestern Holdings, Inc.,* 322 S.W.3d 752 (Tex. App. El Paso 2010) ("…[W]hether [defendants] actually owned the disputed area is inapplicable where…they used and maintained the road to the exclusion of others.").

22.     Mr. Luera has possessed the Parent Tract with the understanding that he is the rightful owner and has authority to exclude all others. Exh. 2, at ¶12. Mr. Luera initially believed that he owned property adjacent to the Parent Tract that is owned and used by the International Boundary and Water Commission ("IBWC"). *Id,* at ¶13. He attempted to exclude the IBWC's agents from his property. *Id.* Around the time that he learned that this property was owned by the IBWC he began erecting the fence around the Parent Tract for purpose of excluding others who previously were able to enter physically onto the Parent Tract. *Id.,* at ¶¶11-12, 14. Mr. Luera also obtained a survey and filed an Affidavit of Possession to help establish his ownership of the property. Exh. 2, at ¶10; Exh. 4 (Affidavit of Possession). Since he purchased the Parent Tract in December of 1998 he has always claimed the Parent Tract as his own. *Id.,* at ¶¶11, 14.

### iv.  Defendant Luera has possessed the Property for the requisite statutory period.

23.     Under Texas's five-year statute of limitations for adverse possession the adverse possessor must "cultivate[], use[] or enjoy[] the property;…pay[] applicable taxes on the property; and…claim[] the property under a duly registered deed." TEX. CIV. PRAC. & REM. CODE §

16.025(a)(1)-(3). As explained above, Mr. Luera has cultivated used and enjoyed the Parent Tract for more than five years. *See* Exh. 2, at ¶¶5, 15-19, 22-24. He has also paid property taxes for the Parent Tract each year since 1999. Exh. 2, at ¶21; Exh. 6 (Starr County tax records).

24.     Mr. Luera also claims the Parent Tract under a Warranty Deed registered on December 18, 1998 in the Starr County deed records. Exh. 1 (Warranty Deed). There are other contemporaneous deeds that purport to give ownership interests in the Parent Tract to other individuals. Exh. 5 (Starr County deed records). Mr. Luera understood the grantors of his Warranty Deed to be the sole owners at the time of recording. Exh. 2, at ¶9. However, none of the purported record owners under these deeds have made any demand, or claim, or prosecuted a suit to final judgment against Mr. Luera to challenge his title to the Parent Tract. *See* Exh. 2, at ¶20; Exh. 3, at ¶5. Even if these records undermine the validity of Mr. Luera's Warranty Deed for the Parent Tract this is immaterial to a claim of adverse possession. *See Hunter v. Dodds*, 624 S.W.2d 365, 369 (Tex. App. – Waco 1981) ("An instrument in the form of a deed not void on its face, even though the grantor be wholly without title, satisfies the requirement of the statute.") (citing *Wofford v. McKinna*, 23 Tex. 36 (1859)).

25.     To satisfy Texas's ten-year limitation "[t]he party claiming adverse possession must prove an actual and visible appropriation of the land for 10 or more consecutive years…." *Harlow v. Giles*, 132 S.W.3d 641, 646 (Tex. App. – Eastland, 2004, pet. denied); TEX. CIV. PRAC. & REM. CODE § § 16.026(a). As explained above, Mr. Luera has continuously possessed the Parent Tract for more than ten consecutive years. Exh. 2, at ¶5, 9-24; Exh. 3, at ¶4.

## V.     Conclusion

For the foregoing reasons, Defendant Luera seeks an order establishing that he is the sole title owner of the property that is the subject of this condemnation action.

Dated: August 19, 2021.                    Respectfully submitted,

                                           TEXAS RIOGRANDE LEGAL AID, INC.

                                           */s/ Peter McGraw*
                                           Peter McGraw
                                           Attorney in Charge
                                           State Bar No. 24081036
                                           1206 E. Van Buren Street
                                           Brownsville, Texas 78520
                                           Tel. (956) 982-5540
                                           Fax. (956) 541-1410
                                           pmcgraw@trla.org

                                           ATTORNEY FOR FLORENTINO LUERA

                        **CERTIFICATE OF SERVICE**

       I hereby certify that on August 19, 2021, a copy of the foregoing document was served on

all parties who have appeared in this action by filing the same with the Court's electronic case

management system.

                                           */s/ Peter McGraw*
                                           Peter McGraw