**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.:  7:20-CV-425 |
| | § | |
| 4.587 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN STARR COUNTY, | § | |
| STATE OF TEXAS; AND FLORENTINO | § | |
| LUERA, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

---

**AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY**

---

**COMES NOW** the United States of America and respectfully submits this brief in its role

as *amicus curiae* regarding ownership issues in response to the Motion for Partial Summary

Judgment on Defendant Luera's Adverse Possession Crossclaim[1] and the Court's July 20, 2021

Order.[2]

**STATEMENT OF FACTS**

1.      The United States Army Corps of Engineers attempted to purchase a fee simple interest in

real property identified as Tract RGV-RGC-1007 (hereafter "Subject Property") from Florentino

Luera, Cecilio Barrera, Gary Mink, Marvin Mink, Jr., Aida Mink, Manuel Barrera, and Isaura

Barrera.  The United States, along with Cecilio Barrera, Isaura Barrera, Manuel Barrera, Gary

Mink, and Marvin Mink, Jr. reached an agreement regarding the amount to be paid for the Subject

Property and executed an Offer to Sell for Tract RGV-RGC-1007.

---

[1] Dkt. No. 178.
[2] Dkt. No. 166.

2.     After further review and before the purchase could be finalized, the United States discovered the existence of title issues dating back to the 1960s, which necessitated the filing of the instant condemnation case.  In order to clear title, the United States filed a Declaration of Taking for the condemnation of the Subject Property on December 18, 2020.[3]

3.     On January 13, 2021, the United States deposited twenty-one thousand eight hundred seventy four dollars with 00/100 cents ($21,874.00) into the Registry of the Court as estimated just compensation for the Subject Property.[4]

4.     Despite the identified title issues, the United States is in agreement that Florentino Luera is the sole title owner of the Subject Property under color of title.

## ISSUE TO BE DECIDED

5.     The only issues remaining in this case are the determination of: (1) the identification of the parties entitled to just compensation for the taking of the Subject Property and (2) the just compensation amount to be paid for the taking of the subject property. It is the first of these issues the United States briefs for the Court.

6.     It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants hold title to land prior to its condemnation. *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). In construing Federal Rule of Civil Procedure 71.1(h) [then Rule 71A(h)], the United States Supreme Court explained:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented . . .  It is for him to decide 'all issues' other than the precise issue of the amount of compensation to be awarded.

---

[3] Dkt. No. 2.
[4] Dkt. No. 11.

*United States v. Reynolds*, 397 U.S. 14, 19-20 (1970). Federal courts look to the substantive law of the state in which the property is located to determine a party's interest in land. *See United States ex. rel. Tennessee Valley Authority v. Powelson,* 319 U.S. 266, 279 (1943). Where more than one party claims ownership of land, the burden is on the claimant to establish his or her right to the property in question. *See United States v. Lee,* 360 F.2d 449, 452 (5th Cir. 1966). Plaintiff takes no advocacy position regarding title matters in its role as *amicus curiae. See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942).

## ANALYSIS

7.      Although the United States takes no advocacy position regarding ownership of the Subject Property, it offers the following analysis of the available title evidence in its role as *amicus curiae*:

8.      The United States reviewed the real property, tax, and probate records of Starr County, Texas and observed the following transactions involving the parent tract over the past 65 years:

9.      Florentino Luera was identified as having an interest in the Subject Property by virtue of a 1998 Warranty Deed from Oralia Vela Rojas, Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna), and the issue of Occilia Vela Schuck (deceased): Cheryl Schuck, Donald Schuck, Michael Schuck, and Robert Schuck conveying to Florentino Luera the surface of 34.635 acres of land, more or less, out of Parcel S-14-Q, Porcion 58 of Starr County, Texas.[5]

10.      Although the United States agrees that Florentino Luera is the sole title owner of the subject property under color of title and has met the elements of adverse possession under Texas state law, the United States was required to file the Declaration of Taking naming the remaining potentially interested parties due to multiple title issues, title gaps, and wild deeds.

---

[5] Ex. 1. Warranty Deed, Document No. 1998-200518, recorded on December 18, 1998 in Volume 822 Page 642 of the Real Property Records of Starr County, Texas.

11.     Specifically, the United States discovered the existence of numerous potentially interested parties by virtue of a Judgment of Stipulation recorded on December 6, 1960,[6] 1981 Warranty Deed recorded May 7, 1981,[7] and four 2002 Warranty Deeds recorded on February 19, 2002, April 2, 2002, April 6, 2002 and August 23, 2002.[8]

12.     As a result of these title issues, the United States was ultimately required to file the Declaration of Taking and Complaint in Condemnation including various parties who, because of the title gaps and wild deeds, may have retained an interest in the subject property.

### As to the Interests of the Unknown Heirs of Elida B. Vela, Unknown Heirs of Arturo Vela, and Unknown Heirs of Jose Guadalupe Vela

13.     On July 26, 1956, a Judgment of Stipulation, filed in the United States District Court for the Southern District of Texas, identified Victor Vela and wife Elida B. Vela, Gonzalo Vela and wife Dominga R. Vela, Arturo Vela and wife Francisca A. Vela, and Jose Guadalupe Vela as owners of Parcel No. S-14-Q.[9]  The Judgment of Stipulation does not specify the total acreage of S-14-Q, thereby creating uncertainty of the actual interests conveyed in future deeds and whether they, in fact, affect the Subject Property.

14.     In addition, there is insufficient documentation to determine whether Victor Vela and wife Elida Vela, Arturo Vela, or Jose Guadalupe Vela (or their heirs) ever conveyed their respective interests in the Subject Property.

---

[6] Ex. 2. Judgment on Stipulation, Document No. 1960-54389, recorded on December 6, 1960 in Volume 262 Page 12 of the Real Property Records of Starr County, Texas.

[7] Ex. 3. Warranty Deed, Document No. 1981-107364, recorded May 7, 1981 in the Real Property Records of Starr County, Texas.

[8] Composite Ex. 4. Warranty Deed, Document No. 2002- 223719, recorded February 19, 2002 in the Real Property Records of Starr County, Texas; Warranty Deed, Document No. 2002-223720, recorded April 2, 2002 in the Real Property Records of Starr County, Texas; and Warranty Deed, Document No. 2002-223718, recorded April 6, 2002 in the Real Property Records of Starr County, Texas; and Warranty Deed, Document No. 2002-224565, recorded August 23, 2002 in the Real Property Records of Starr County, Texas.

[9] Ex. 2. Judgment on Stipulation, Document No. 1960-54389, recorded on December 6, 1960 in Volume 262 Page 12 of the Real Property Records of Starr County, Texas.

15.     Victor Vela died intestate on May 20, 1957, having been survived by his wife, Elida B.

Vela.  Victor Vela and Elida Vela were married only to each other and did not have or adopt any

children.  Accordingly, upon his death, the interest acquired by virtue of the 1956 Judgment of

Stipulation, which was held as community property, passed to his wife, Elida B. Vela.[10]

16.     Accordingly, the United States included the Unknown Heirs of Elida B. Vela, Unknown

Heirs of Arturo Vela, and Unknown Heirs of Jose Guadalupe Vela as interested parties.

17.     Plaintiff also included any known heirs who may have retained an interest in the subject

property, as more fully explained below.

**As to the Interest of the Manuel Jose Barrera, Cecilio Richard Barrera, Isaura D. Barrera, Joe Hubert, Rosario Gomez (a/k/a Rosie Flores), Unknown Heirs of Lorene Saenz Peña, Jorge Luis Peña, Aida Graciela Peña Gonzalez, Unknown Heirs of Carlos Cesar Peña, Carlos Peña, Jr., Gloria Peña Smith, Maria Lorene Peña Villarreal, Ricardo Omar Peña, Unknown Heirs of Roberto Peña, Jr., Elia D. Peña, Roberto Peña, III, Laura Liza Peña, Joe Arthur Castellon, Jon Laurence Castellon, Morgan Paige Castellon, Kayla Alexis Castellon, Travis Arthur Castellon, Unknown Heirs of Sylvia Peña Zon, Allen Zon, Jose Ovidio Peña, Jr., Javier Orlando Peña, Jo Odell Peña, Judith Odette Peña, Mary Belinda Farias, Unknown Heirs of Sonja Farias Beaird, Terry Ann Farias Velasquez, Robbie J. Farias, Veralyn Farias, Xavier Thomas Farias, Unknown Heirs of Johana Farias Froschauer, Nilda Moya Garcia, Jose Moya, David Moya, Norma Moya Cantu, Noemi Moya Velasquez, Noelia Moya Guerrero, Heron Moya, Eddiberto Huerta, Roel Huerta, Joe Huerta, Roberto O. Huerta, Jr., Unknown Heirs of Eloiza Marquez Garcia, Eliseo Garcia, Elvialisa Garcia, Luis M. Garcia, Heriberto M. Garcia, Unknown Heirs of Eleazar M. Garcia, Roel Eleazar Garcia, Eddie Garcia, Anna Belia Garcia, Oliva America Garcia, Unknown Heirs of Eloisa Garcia Quintanilla, Dariela Quintanilla Meza, Dalia Quintanilla Obregon, Carlos Quintanilla, Unknown Heirs of Diana Quintanilla Garcia, Janida Sexton, David Garcia, Praxedis Garcia, Jr., Maria Margarita Rodriguez, Maria Elena DeCamp, Anna Maria Avina, Felix Garcia Rodriguez, Charlene Rodriguez Cuellar, Tanya Gayton, Mr. Vidales (husband to Edna E. Vidales), Rene Garcia Hilbish, Rick Carlos Garcia, Rocky Alan Garcia, Ramona Garcia Papineau, Thomas Worell Garcia, Amber Garcia, Jason Garcia, Palmyra Benavides, Nelia Benavides Cremar (a/k/a Melia Benavides), and Elvia Molina (a/k/a Elvia Molina Benavides a/k/a Elvia Benavides)**

---

[10] Tex. Est. Code Ann. § 201.003 (West).

18.     Elida B. Vela obtained the interest in the Subject Property, which was held as community property, upon her husband's death on May 20, 1957.[11]

19.     Elida B. Vela died intestate on May 13, 1971, having been predeceased by her father, Cecilio Barrera (d. 1940), and her mother, Pilar Garza (d. 1936), and having been survived by the descendants of her four siblings: Manuel Barrera, Teresa Benavides, Julio Benavides, and Eloiza Marquez Garcia.  Pursuant to state law, the interest in the property descended and passed in parcenary to her siblings and their descendants.[12]

20.     Elida B. Vela's father, Cecilio Barrera, had one child named Manuel Barrera.  Elida B. Vela's first sibling, Manuel Barrera, died intestate on April 27, 1974, having been survived by his children: Manuel Jose Barrera, Cecilio Richard Barrera, and Isaura D. Barrera.[13]

21.     Elida B. Vela's mother, Pilar Garza, had three other children: Teresa Benavides, Julio Benavides, and Eloiza Marquez Garcia.[14]

22.     Elida B. Vela's second sibling, Teresa Benavides, died intestate on July 20, 1969 having been survived by six of her eight children:  Lorene Saenz Peña, Elma Saenz, Elsa Saenz Solis, Heron B. Farias, Maria de Pilar Olveda Moya, and Belinda Olveda Huerta.[15]  Teresa Benavides' children subsequently died and therefore their respective interests passed to their descendants as indicated below.

23.     Lorene Saenz Peña died intestate on March 5, 1996, having been survived by her nine children:  Jose Ovidio Peña, Roberto Peña, Jr., Gloria Peña Smith, Sylvia Peña Zon, Carlos Cesar Peña, Jorge Luis Peña, Aida Graciela Peña Gonzalez, Maria Lorene Peña Villarreal, and Ricardo

[11] Tex. Est. Code Ann. § 201.003 (West).
[12] Tex. Est. Code Ann. § 201.001 (West).
[13] Ex. 5. Heirship Affidavit, recorded June 28, 2002, County Clerk, Starr County, Texas.
[14] Id.
[15] Id.

Omar Peña.[16]  The United States was unable to confirm whether Lorene Saenz Peña had any other

heirs-at-law, therefore her interest is also represented by the "Unknown Heirs of Lorene Saenz

Peña."  Jose Ovidio Peña, Roberto Peña, Jr., Sylvia Peña Zon, Carlos Cesar Peña subsequently

died and therefore their respective interests passed to their descendants as indicated below.

24.     Jose Ovidio Peña died testate on October 6, 1994, having bequeathed his estate to his four

children: Jose Ovidio Peña, Jr., Javier Orlando Peña, Jo Odell Peña, and Judith Odette Peña.[17]

25.     Roberto Peña, Jr. died intestate on February 4, 2013, having been survived by his wife,

Elia D. Peña, and his children, Roberto Peña, III and Laura Liza Peña, as well as the heirs of his

deceased daughter, Marisa Yvonne Castellon: Jon Laurence Garza (a/k/a Jon Laurence Castellon),

Morgan Paige Castellon, Travis Arthur Castellon, Kayla Alexis Castellon, and Joe Arthur

Castellon.[18]  The United States was unable to confirm whether Roberto Peña, Jr. had any other

heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Roberto Peña, Jr."

26.     Sylvia Peña Zon died intestate in 2014, having been survived by her son, Allen Zon.  The

United States was unable to confirm whether Sylvia Peña Zon had any other heirs-at-law, therefore

her interest is also represented by the "Unknown Heirs of Sylvia Peña Zon."

27.     Carlos Cesar Peña died intestate on May 7, 1973, having been survived by his wife, Irma

M. Peña Alvarez, and son, Carlos Peña, Jr.[19]  The United States was unable to confirm whether

Carlos Cesar Peña had any other heirs-at-law, therefore his interest is also represented by the

"Unknown Heirs of Carlos Cesar Peña."

28.     Elma Saenz died intestate on December 24, 1989, having had no issue and having been

survived by her siblings, Elsa Saenz Solis and Lorene Saenz Peña, as well her half-siblings,

---

[16] *Id*.
[17] Ex. 6. Last Will and Testament of Jose Ovidio Peña.  *See also* Dkt. No. 100.
[18] Dkt. No. 134.
[19] Irma M. Peña Alvarez executed a disclaimer and was subsequently dismissed from the case. (Dkt. Nos. 49 and 82)

Heron B. Farias, Maria de Pilar Olveda Moya, Belinda Olveda Huerta.[20]

29.     Elsa Saenz Solis died intestate on June 8, 2010, having been survived by her children, Joe Hubert and Rosario Gomez (a/k/a Rosie Flores).[21]

30.     Heron B. Farias died intestate on February 8, 1996, having been survived by his four children: Xavier Farias, Sonja Farias Beaird, Mary Belinda Farias, and Johana Farias Froschauer.[22] Xavier Farias, Sonja Farias Beaird, and Johana Farias Froschauer subsequently died and therefore their respective interests passed to their descendants as indicated below.

31.     Xavier Farias died intestate on May 22, 1991, having been survived by his wife, Veralyn Farias, and his three children: Terry Ann Farias Velasquez, Robbie J. Farias, and Xavier Thomas Farias.[23]

32.     Sonja Farias Beaird died intestate on July 31, 2012.  The United States was unable to confirm the names of her presumptive heirs, therefore her interest is represented by the "Unknown Heirs of Sonja Farias Beaird."

33.     Johana Farias Froschauer died intestate on October 27, 2018. The United States was unable to confirm the names of her presumptive heirs, therefore her interest is represented by the "Unknown Heirs of Johana Farias Froschauer."

34.     Maria de Pilar Olveda Moya died intestate on March 15, 2008, having been survived by her eight children: Nilda Moya Garcia, Jose Moya, David Moya, Norma Moya Cantu, Noemi Moya Velasquez, Noelia Moya Guerrero, Heron Moya, and Jose Daniel Moya.  Jose Daniel Moya subsequently died intestate on February 7, 2011, having been survived by his siblings, Nilda Moya Garcia, Jose Moya, David Moya, Norma Moya Cantu, Noemi Moya Velasquez, Noelia Moya

---

[20] Ex. 5. Heirship Affidavit, recorded June 28, 2002, County Clerk, Starr County, Texas.
[21] Dkt. No. 99.
[22] Ex. 5. Heirship Affidavit, recorded June 28, 2002, County Clerk, Starr County, Texas.
[23] Dkt Nos. 118 and 123.

Guerrero, Heron Moya.[24]

35.     Belinda Olveda Huerta died testate on September 4, 2017, having been survived by her children: Teresa Ann Huerta Caldera,[25] Eddiberto Huerta, Joe Huerta, Roel Huerta, and Roberto O. Huerta, Jr.[26] Belinda Olveda bequeathed her estate to her son, Eddiberto Huerta.[27]

36.     Elida B. Vela's third sibling, Julio Benavides, died intestate on August 9, 1972, having been survived by his two children: Jose Roel Benavides and Roberto Benavides.[28] Julio Benavides' children subsequently died and therefore their respective interests passed to their descendants as indicated below.

37.     Jose Roel Benavides died intestate on March 1, 1990, having been survived by his six children.  His children have disclaimed any interest in any property from the estate of Jose Roel Benavides, therefore none are included in Schedule "G" of this action.[29]

38.     Roberto Benavides died intestate on November 7, 2008, having been survived by his wife, Elvia Molina (a/k/a Elvia Molina Benavides a/k/a Elvia Benavides), and his daughters, Nelia Benavides Cremar (a/k/a Melia Benavides) and Palmyra Benavides.[30]

39.     Elida B. Vela's fourth sibling, Eloiza Marquez Garcia died intestate on March 30, 1975, having been survived by eight of her ten children:  Enrique M. Garcia, Jr., Edna E. Vidales, Eloisa Garcia Quintanilla, Heriberto M. Garcia, Eleazar M. Garcia, Eva Elisa Garcia Patterson,[31] Luis M.

---

[24] Dkt. Nos. 119 and 123.
[25] Teresa Ann Huerta Caldera executed a disclaimer of interest and was subsequently dismissed from the case. (Dkt. Nos. 124 and 126).
[26] Alma Delia Huerta died intestate on December 26, 1977, having been survived by her parents.  On July 19, 2021, the Court dismissed the "Unknown Heirs of Alma Delia Huerta," as her interest ultimately reverted back to her parents and her siblings, who are already included in Schedule "G." (Dkt. Nos. 155 and 165)
[27] Ex. 7. Last Will and Testament of Belinda Olveda Huerta.
[28] Ex. 5. Heirship Affidavit, recorded June 28, 2002, County Clerk, Starr County, Texas.
[29] *Id*.
[30] Dkt. Nos. 153 and 160.
[31] Eva Elisa Garcia Patterson executed a disclaimer of interest and was subsequently dismissed from the case. (Dkt. Nos. 39 and 82).

Garcia, and Eliseo Emilio M. Garcia.[32]   The United States was unable to confirm whether Eloiza Marquez Garcia had any other heirs-at-law, therefore her interest is also represented by the "Unknown Heirs of Eloiza Marquez Garcia."   Enrique M. Garcia, Jr., Edna E. Vidales, Eloisa Garcia Quintanilla, Eleazar M. Garcia, Eliseo Emilio M. Garcia subsequently died and therefore their respective interests passed to their descendants as indicated below.

40.     Enrique M. Garcia, Jr. died intestate on August 20, 2000, having been survived by his five children:  Rocky Alan Garcia, Riva A. Garcia King, Rick Carlos Garcia, Ramona Garcia Papineau, and Rene Garcia Hilbish.[33]  Riva Alana Garcia King died intestate on January 8, 2006 having been survived by her three children: Thomas Worell, Amber Garcia, and Jason Garcia.[34]

41.     Edna E. Vidales died intestate on January 4, 2013, having been predeceased by her son, Jose Rolando Rodriguez, and survived by her children: Maria Margarita Rodriguez, Maria Elena DeCamp, Anna Maria Avina, and Felix Garcia Rodriguez.[35]   Jose Rolando Rodriguez died intestate on May 24, 1986, having been survived by his two daughters: Charlene Rodriguez Cuellar and Tanya Gayton.[36]

42.     Eloisa Garcia Quintanilla died intestate on December 12, 2009, having been survived by her four children: Dariela Quintanilla Meza, Dalia Quintanilla Obregon, Carlos Quintanilla, and Diana Quintanilla Garcia.  Diana Quintanilla Garcia died intestate August 14, 2017, having been survived by her three children: Janida Sexton, David Garcia, and Praxedis Garcia, Jr.  The United

---

[32] Ex. 5. Heirship Affidavit, recorded June 28, 2002, County Clerk, Starr County, Texas.
[33] *Id*.
[34] Dkt. Nos. 157 and 165.
[35] Ex. 8. Certificate of Death of Edna Vidales, issued January 24, 2013, County of Orange, State of California. The United States recently acquired the Certificate of Death of Edna Vidales, which states that she died a widow on January 4, 2013, having been predeceased by her husband, Mr. Vidales.  Accordingly, Mr. Vidales would not obtain any interest in the subject property.  Pursuant to state law, Edna Vidales' interest in the subject property passed to her four surviving children, Maria Margarita Rodriguez, Maria Elena DeCamp, Anna Maria Avina, and Felix Garcia Rodriguez, and grandchildren, Charlene Rodriguez Cuellar and Tanya Gayton.
[36] Dkt. Nos. 158 and 165.

States was unable to confirm whether Eloisa Garcia Quintanilla and Diana Quintanilla Garcia have any other heirs-at-law, therefore their interests are also represented by the "Unknown Heirs of Eloisa Garcia Quintanilla" and the "Unknown Heirs of Diana Quintanilla Garcia."

43.    Eleazar M. Garcia died intestate on September 22, 2016, having been survived by his wife, Olivia America Garcia, and his three children: Roel Eleazar Garcia, Eddie Garcia, and Anna Belia Garcia.  The United States was unable to confirm whether Eleazar M. Garcia had any other heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Eleazar M. Garcia."

44.    Eliseo Emilio M. Garcia died intestate on December 11, 2019, having been survived by his two children: Eliseo Garcia and Elvialisa Garcia.[37]

45.    Accordingly, Elida B. Vela's interest in the subject property is represented by her heirs-at-law:  Manuel Jose Barrera, Cecilio Richard Barrera, Isaura D. Barrera, Joe Hubert, Rosario Gomez (a/k/a Rosie Flores), Unknown Heirs of Lorene Saenz Peña, Jorge Luis Peña, Aida Graciela Peña Gonzalez, Unknown Heirs of Carlos Cesar Peña, Carlos Peña, Jr., Gloria Peña Smith, Maria Lorene Peña Villarreal, Ricardo Omar Peña, Unknown Heirs of Roberto Peña, Jr., Elia D. Peña, Roberto Peña, III, Laura Liza Peña, Joe Arthur Castellon, Jon Laurence Castellon, Morgan Paige Castellon, Kayla Alexis Castellon, Travis Arthur Castellon, Unknown Heirs of Sylvia Peña Zon, Allen Zon, Jose Ovidio Peña, Jr., Javier Orlando Peña, Jo Odell Peña, Judith Odette Peña, Mary Belinda Farias, Unknown Heirs of Sonja Farias Beaird, Terry Ann Farias Velasquez, Robbie J. Farias, Veralyn Farias, Xavier Thomas Farias, Unknown Heirs of Johana Farias Froschauer, Nilda Moya Garcia, Jose Moya, David Moya, Norma Moya Cantu, Noemi Moya Velasquez, Noelia Moya Guerrero, Heron Moya, Eddiberto Huerta, Roel Huerta, Joe Huerta, Roberto O. Huerta, Jr., Unknown Heirs of Eloiza Marquez Garcia, Eliseo Garcia, Elvialisa Garcia, Luis M. Garcia,

---

[37] Dkt. Nos. 156 and 165.

Heriberto M. Garcia, Unknown Heirs of Eleazar M. Garcia, Roel Eleazar Garcia, Eddie Garcia, Anna Belia Garcia, Oliva America Garcia, Unknown Heirs of Eloisa Garcia Quintanilla, Dariela Quintanilla Meza, Dalia Quintanilla Obregon, Carlos Quintanilla, Unknown Heirs of Diana Quintanilla Garcia, Janida Sexton, David Garcia, Praxedis Garcia, Jr., Maria Margarita Rodriguez, Maria Elena DeCamp, Anna Maria Avina, Felix Garcia Rodriguez, Charlene Rodriguez Cuellar, Tanya Gayton, Mr. Vidales (husband to Edna E. Vidales), Rene Garcia Hilbish, Rick Carlos Garcia, Rocky Alan Garcia, Ramona Garcia Papineau, Thomas Worell Garcia, Amber Garcia, Jason Garcia, Palmyra Benavides, Nelia Benavides Cremar (a/k/a Melia Benavides), and Elvia Molina (a/k/a Elvia Molina Benavides a/k/a Elvia Benavides).[38]

### As to the Interest of the Unknown Heirs of Arnoldo Vela, Elvia Ramos Vela, Luis Arnoldo Vela, Olga Lydia Vela Gonzalez, Jose Adalberto Vela, Arturo Ivan Vela, and Michael R. McMillion

46.    Arturo Vela, who obtained an interest from the 1956 Judgment of Stipulation, died intestate on August 20, 1969 having been survived by his wife, Francisca R. Vela, and their five children: Oralia Vela Rojas, Ortofilia Vela, Ocilia Vela Schuck, Arnoldo Vela, and Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna).[39]  Therefore, upon his death, his interest in the subject property passed to his wife and five children, who are his living heirs.[40]

47.    On August 11, 1975, Gonzalo and wife, Dominga R. Vela executed a Warranty Deed conveying 5.88 acres of land, lying divided in and out of Parcel S-14-Q, out of Porcion No. 58 to Arnoldo Vela and wife Elvia R. Vela.[41]  Arnoldo Vela, thereby, acquired an additional interest in the Subject Property.

---

[38] Composite Exhibit 8. Heirship Affidavit, Document No. 2002-223580, recorded June 28, 2002, County Clerk, Starr County, Texas; Affidavit, recorded October 12, 2005, County Clerk, Starr County, Texas.
[39] Ex. 10. Affidavit of Heirship of Arturo Vela and Francisca Ramos, Document No. 1989-146055, recorded on January 17, 1989, County Clerk, Starr County, Texas.
[40] Tex. Est. Code Ann. § 201.002 (West).
[41] Ex. 11. Warranty Deed, Document No. 1976-92778, recorded on December 30, 1976 in Volume 400 Page 467 of the Real Property Records of Starr County, Texas.

48.     On July 29, 1980, Francisca R. Vela, Oralia Vela Rojas, Ortofilia Vela, Ocilia Vela Schuck and Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna) executed a Warranty Deed conveying 5.88 acres of land, lying divided in and out of Parcel S-14-Q, Porcion 58, being the same tract conveyed to the said Arnoldo Vela et ux, by deed dated August 11, 1975 to Arnoldo Vela and wife Elvia R. Vela, further consolidating their interest in the Subject Property.[42]

49.     Arnoldo Vela died intestate on October 1, 2010 having been survived by his wife, Elvia Ramos Vela, and their five children: Luis Arnoldo Vela, Olga Lydia Vela Gonzalez, Jose Adalberto Vela, Arturo Ivan Vela, and Michael R. McMillion.   Therefore, upon his death, his interest in the subject property passed to his wife and five children, who are his living heirs.[43]

50.     Arnoldo Vela's interest is therefore represented by his presumptive heirs, Elvia Ramos Vela, Luis Arnoldo Vela, Olga Lydia Vela Gonzalez, Jose Adalberto Vela, Arturo Ivan Vela, and Michael R. McMillion are included as interested parties in Schedule "G."  The United States was unable to confirm whether Arnoldo Vela had any other heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Arnoldo Vela."

> **As to the Interests of Marvin Mink, Jr., Gary Mink, Unknown Heirs of Alberto Gomez, Jr., Carmen Gomez Gutierrez, Unknown Heirs of Alberto Gomez, III., Luis Alberto Gomez, Unknown Heirs of Martha Gomez, Ana Aminta Gomez, Juanita Gomez, Maria Elena Gomez Espinoza, Aida Gomez Martinez, Lydia Gomez Gonzalez, Rosa Hilda Gomez Navarro, Karla Gomez, Melissa Gomez, Jessica Gomez, Suzy Gomez, Selia Lopez (a/k/a Selia Cuellar), Cristina Gomez, Unknown Heirs of Alonso Arturo Gomez, Adelita Gomez White, Clarence McCulley, Unknown Heirs of Thomas Albert Gomez, Christina Traister, individually and on behalf of A.G., E.G., Z.G., and T.G., Milena Gomez Sandoval, Alonzo Gomez, Jr., and Donald Hill, Jr.**

51.     A title gap resulting from the 1981 Warranty Deed reveals that additional parties may also have an interest in the subject property.

---

[42] Ex. 12. Warranty Deed, Document No. 1980-104892, recorded on September 16, 1980 in Volume 432 Page 559 of the Real Property Records of Starr County, Texas.
[43] Tex. Est. Code Ann. § 201.002 (West).

52.     On May 1, 1981, Juana S. Gomez executed a Warranty Deed conveying all of her interest in multiple acres of land including Parcel No. S-14-Q, in Porcion 58, containing 34.28 acres in Starr County, Texas to Aida Mink, Alberto Gomez, Jr., Aminta G. Hill, and Alonso A. Gomez.[44]

53.     As the United States was unable to locate any documentation of a conveyance from any of the original grantees to Juana S. Gomez, it is unclear from which of the original grantees of the 1956 Judgment of Stipulation Juana S. Gomez acquired the interest in the subject property.

54.     Aida Mink, Alberto Gomez, Jr., Aminta G. Hill, and Alonso Arturo Gomez subsequently died and therefore their respective interests passed to their descendants as indicated below.

55.     Aida Mink died testate on July 2, 2006, having bequeathed her estate to her two children: Marvin Mink, Jr. and Gary Mink.[45]

56.     Alberto Gomez, Jr. died intestate in 1990, having been survived by his eleven children: Martha Gomez, Ana Aminta Gomez, Juanita Gomez, Maria Elena Gomez Espinoza, Aida Gomez Martinez, Lydia Gomez Gonzalez, Rosa Hilda Gomez Navarro, Carlos Gomez, Carmen Gomez Gutierrez, Alberto Gomez, III, and Adolfo Gomez.  The United States was unable to confirm whether Alberto Gomez, Jr. had any other heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Alberto Gomez, Jr."  Alberto Gomez, III., Martha Gomez, Carlos Gomez, and Adolfo Gomez subsequently died and therefore their respective interests passed to their descendants as indicated below.

57.     Alberto Gomez, III died intestate on September 26, 2006, having been survived by his son: Luis Alberto Gomez.  The United States was unable to confirm whether Alberto Gomez, III. had any other heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Alberto

---

[44] Ex. 3. Warranty Deed, Document No. 1981-107364, recorded May 7, 1981 in the Real Property Records of Starr County, Texas.
[45] Ex. 13. Last Will and Testament of Aida Mink, Document No. 2009-286254, recorded October 5, 2009, Deed Records of Starr County, Texas.

Gomez, III."

58.     Martha Gomez died intestate on April 9, 2007.  The United States was unable to confirm

the names of her presumptive heirs, therefore her interest is represented by the "Unknown Heirs

of Martha Gomez."

59.     Carlos Gomez died intestate on June 2, 1994, having been survived by his daughter, Karla

Gomez.[46]

60.     Adolfo Gomez died intestate on December 27, 2013, having been survived by his wife,

Selia Lopez (a/k/a Selia Cuellar), and his four daughters: Melissa Gomez, Jessica Gomez, Suzy

Gomez, and Cristina Gomez.[47]

61.     Alonso Arturo Gomez died intestate on November 15, 1998, having been survived by his

five children: Adelita Gomez White, Adelina Gomez McCulley, Thomas Albert Gomez, Milena

Gomez Sandoval, and Alonzo Gomez, Jr.  The United States was unable to confirm whether

Alonso Arturo Gomez had any other heirs-at-law, therefore his interest is also represented by the

"Unknown Heirs of Alonso Arturo Gomez."   Adelina Gomez McCulley and Thomas Albert

Gomez subsequently died and therefore their respective interests passed to their descendants as

indicated below.

62.     Adelina Gomez McCulley died intestate on July 29, 2020, having been survived by her

husband, Clarence McCulley, and her siblings: Adelita Gomez White, Thomas Albert Gomez,

Milena Gomez Sandoval, and Alonzo Gomez, Jr.[48]

63.     Thomas Albert Gomez died intestate on February 16, 2021, having been survived by his

wife, Christina Traister, individually and on behalf of A.G., E.G., Z.G., and T.G.  The United

---

[46] Dkt. Nos. 120 and 123.
[47] Dkt. Nos. 152 and 154.
[48] Dkt. Nos. 159 and 165.

States was unable to confirm whether Thomas Albert Gomez had any other heirs-at-law, therefore his interest is also represented by the "Unknown Heirs of Thomas Albert Gomez."[49]

64.     Aminta G. Hill died testate in 2014, having been survived by her son, Donald Hill, Jr.[50]

65.     The United States notes that title examination of the Real Property Records of Starr County, Texas (the "Records") reveals that a parcel(s) of the Subject Property identified by Starr County Appraisal District lists Aida Mink (for Marvin Mink) as record owner of Property ID No. 17542, Alberto Gomez as record owner of Property ID No. 61154, Aminta Hill as record owner of Property ID No. 61155, and Alonzo A. Gomez as record owner of Property ID No.  61156 located in Parcel S-14-Q with each holding an 11% interest of 8.62 acres.[51]   Given the records do not reflect metes and bounds or individual partitions the United States is unable to confirm whether these parcel(s) overlap with the Subject Property.

66.     Accordingly, Marvin Mink, Jr., Gary Mink, Unknown Heirs of Alberto Gomez, Jr., Carmen Gomez Gutierrez, Unknown Heirs of Alberto Gomez, III., Luis Alberto Gomez, Unknown Heirs of Martha Gomez, Ana Aminta Gomez, Juanita Gomez, Maria Elena Gomez Espinoza, Aida Gomez Martinez, Lydia Gomez Gonzalez, Rosa Hilda Gomez Navarro, Karla Gomez, Melissa Gomez, Jessica Gomez, Suzy Gomez, Selia Lopez (a/k/a Selia Cuellar), Cristina Gomez, Unknown Heirs of Alonso Arturo Gomez, Adelita Gomez White, Clarence McCulley, Unknown Heirs of Thomas Albert Gomez, Christina Traister, individually and on behalf of A.G., E.G., Z.G., and T.G., Milena Gomez Sandoval, Alonzo Gomez, Jr., and Donald Hill, Jr. were included as interested parties in Schedule "G."

---

[49] Dkt. Nos. 135 and 136.
[50] Ex. 14. Last Will and Testament of Aminta Gomez Hill, recorded July 13, 2021, Deed Records of Starr County, Texas.
[51] Ex. 15. Starr County Appraisal District Record of Property ID Nos. 17542, 61154, 61155, and 61156.

*Amicus Brief Regarding Ownership of Subject Property*

## As to the Interest of Florentino Luera

67.     On July 29, 1980, Gonzalo Vela and wife, Dominga R. Vela, executed a Warranty Deed conveying a divided part and portion of Parcel S-14-Q containing 34.38 acres of land out of Porcion No. 58, save and except 5.88 acres of said Parcel hereinabove conveyed by Gonzalo Vela, et ux, to Arnoldo Vela, et ux by Deed dated August 1975.  The deed conveyed all of Parcel S-14-Q, as owned by the Grantors, and being 28.5 acres of land, to Francisca R. Vela, Oralia Vela Rojas, Ortofilia Vela, Ocilia Vela Schuck, Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna), and Arnoldo Vela.[52]

68.     On September 5, 1981, Francisca R. Vela executed a deed of gift conveying to her children, Ortofilia Vela, Oralia V. Rojas, Occilia V. Schuck, Arnoldo Vela, and Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna), 42.75 acres of land, more or less, in Porcion 58, Joaquin Chapa Survey Abstract No. 289, more fully described as S-14-Q-R.[53]

69.     On February 20, 1992, Ortofilia Vela executed a Warranty Deed conveying all of her right, title, and interest in and to 34.38 acres of land, more or less, out of Parcel S-14-Q, Porcion 58, in Starr County, Texas to Oralia Vela Rojas, Occilia Vela Schuck, and Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna).[54]

70.     Occilia Vela Schuck died intestate on May 20, 1998, having been survived by her children, Cheryl Schuck, Donald Schuck, Michael Schuck, and Robert Schuck.[55]

71.     In 1998, Oralia Vela Rojas, Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna), and the issue

---

[52] Ex. 16. Warranty Deed, Document No. 1980-104893, recorded on September 16, 1980 in the Real Property Records of Starr County, Texas.
[53] Ex. 17. Deed of Gift, Document No. 1981-109242, recorded on September 24, 1981 in the Real Property Records of Starr County, Texas.
[54] Ex. 18. Warranty Deed, Document No. 1992-160461, recorded on February 20, 1992, in the Real Property Records of Starr County, Texas.
[55] Ex. 1. Warranty Deed, Document No. 1998-200518, recorded on December 18, 1998 in Volume 822 Page 642 of the Real Property Records of Starr County, Texas.

of Occilia Vela Schuck (deceased): Cheryl Schuck, Donald Schuck, Michael Schuck, and Robert Schuck conveyed the surface of 34.635 acres of land, more or less, out of Parcel S-14-Q, Porcion 58 of Starr County, Texas to Florentino Luera.[56]

72.     The United States was unable to locate documentation demonstrating that Arnoldo Vela conveyed his interest in the Subject Property.  Therefore his heirs-at-law, Elvia Ramos Vela, and their five children: Luis Arnoldo Vela, Olga Lydia Vela Gonzalez, Jose Adalberto Vela, Arturo Ivan Vela, and Michael R. McMillion were included as potentially retaining an interest in the Subject Property.

73.     In 1999, Felix Luera, Jr. and Gonzalo Castañeda filed an Affidavit of Possession in the real property records of Starr County in reference to 35.584 acres of land out of and forming a part of portion of Parcel No. S-14-Q of Porcion No. 58.[57]  The affidavit explained that prior to his death in 1969, Arturo Vela had exclusive and continuous possession of the property for more than forty (40) years.  Felix Luera, Jr. and Gonzalo Castañeda stated that Arturo Vela had four (4) children: Ortofilia Vela, Oralia V. Rojas, Occilia V. Schuck, and Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna) and that the children of Arturo Vela and the issue of Occilia Vela Schuck (deceased): Cheryl Schuck, Donald Schuck, Michael Schuck, and Robert Schuck had sold the property to Florentino Luera.[58]

74.     Plaintiff notes that title examination of the Real Property Records of Starr County, Texas (the "Records") reveals that a 34.635 acre tract identified by Starr County Appraisal District as Property ID No. 33875 (encompassing RGV-RGC-1007) lists Florentino Luera as record owner.[59]

---

[56] Ex. 1. Warranty Deed, Document No. 1998-200518, recorded on December 18, 1998 in Volume 822 Page 642 of the Real Property Records of Starr County, Texas.

[57] Ex. 19. Affidavit of Possession, Document No. 1999-205681, recorded on November 1, 1999 in Volume 846 Page 853 of the Real Property Records of Starr County, Texas.

[58] However, the United States notes that the Affidavit of Possession fails to account for Arnoldo Vela's interest in the Subject Property, which was not conveyed by virtue of the 1998 deed to Florentino Luera.

[59] Ex. 20. Starr County Appraisal District Record of Property ID No. 33875.

*Amicus Brief Regarding Ownership of Subject Property*

75.    Despite multiple title issues, title gaps, and wild deeds, the United States agrees that Florentino Luera is the sole title owner under color of title and has remained in exclusive, continuous possession since 1998, meeting the standard of adverse possession under state law.[60]

### As to the Interests of Yolanda Alameda Rojas and Alberto Arturo Rojas

76.    The United States notes that after the 1998 conveyance to Florentino Luera,[61] from Oralia Vela Rojas, Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna), and the issue of Occilia Vela Schuck (deceased): Cheryl Schuck, Donald Schuck, Michael Schuck, and Robert Schuck the grantors executed a series of wild deeds.[62]

77.    On February 18, 2002, Ortofilia Vela purportedly conveyed her interest in 34.38 acres of land, more or less, out of Parcel S-14-Q, Porcion 58, of Starr County, Texas to Oralia Vela Rojas.

78.    On April 2, 2002, Cheryl L. Schuck, Robert Schuck, Donald Schuck, and Michael Schuck

---

[60] In Texas, adverse possession is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE § 16.021. "Adverse possession requires proof of actual possession of the disputed real property that is open and notorious, peaceable, under a claim of right, adverse or hostile to the claim of the owner, and consistent and continuous for the duration of the statutory period." *Estrada v. Cheshire*, 470 S.W.3d 109, 123 (Tex. App.-Houston [1st Dist.] 2015, pet. denied). The burden is on the adverse possessor to prove every fact essential to his claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990); *Parker v. McGinnes*, 842 S.W.2d 357, 360 (Tex. App.-Houston [1st Dist.] 1992), writ denied). The adverse possession statutes—whether three years, five years, ten years, or twenty-five years—are found in Texas Civil Practice and Remedies Code §§ 16.021 et seq. For Three Years: "A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.024. For Five Years: "(a) A person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who: (1) cultivates, uses, or enjoys the property; (2) pays applicable taxes on the property; and (3) claims the property under a duly registered deed. . . ." *Id.* § 16.025. For Ten Years: "A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property. . . ." *Id.* § 16.026. For Twenty Five Years: "A person, regardless of whether the person is or has been under a legal disability, must bring suit not later than 25 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." *Id.* § 16.027. It appears Defendant Florentino Luera qualifies under two of the statutes for an adverse possession claim.

[61] Ex. 1. Warranty Deed, Document No. 1998-200518, recorded on December 18, 1998 in Volume 822 Page 642 of the Real Property Records of Starr County, Texas.

[62] Composite Ex. 4. Warranty Deed, Document No. 2002- 223719, recorded February 19, 2002 in the Real Property Records of Starr County, Texas; Warranty Deed, Document No. 2002-223720, recorded April 2, 2002 in the Real Property Records of Starr County, Texas; and Warranty Deed, Document No. 2002-223718, recorded April 6, 2002 in the Real Property Records of Starr County, Texas.

purportedly conveyed their interest in 34.38 acres of land, more or less, out of Parcel S-14-Q, Porcion 58, of Starr County, Texas to Oralia Vela Rojas.[63]

79.     On April 6, 2002, Odilia Vela Rodriguez (a/k/a Odilia Vela Reyna) purportedly conveyed her interest in 34.38 acres of land, more or less, out of Parcel S-14-Q, Porcion 58, of Starr County, Texas to Oralia Vela Rojas.

80.     On August 3, 2002, Robert Schuck purportedly conveyed his interest in 34.38 acres of land, more or less, out of Parcel S-14-Q, Porcion 58, of Starr County, Texas to Oralia Vela Rojas.[64]

81.     Oralia V. Rojas subsequently died testate on March 29, 2014, having bequeathed her estate to her two children: Yolanda Alameda Rojas and Alberto Arturo Rojas.[65]

82.     Accordingly, Oralia V. Rojas' interest in the subject property is represented by her heirs-at-law:  Yolanda Alameda Rojas and Alberto Arturo Rojas.

### B. Summary

83.     Based on the foregoing, the United States is in agreement that Florentino Luera is the sole title owner of the Subject Property under color of title.

## CONCLUSION

Plaintiff would show that it is appropriate for the Court to determine title and the ownership interest held by the owner in the Subject Property.  Based on the foregoing, Plaintiff submits that absent additional contradictory evidence submitted by any Defendant hereto, it would be proper for this Court to determine that for purposes of this condemnation action, title and the ownership interest in the Subject Property is held by Florentino Luera. The United States prays this Court enter an order determining ownership of the Subject Property prior to its condemnation.

---

[63] The United States notes that Robert Schuck did not sign the April 2, 2002 deed.
[64] Plaintiff notes that the August 3, 2002 deed was recorded in an effort to supplement Robert Schuck's missing signature from the April 2, 2002 deed.
[65] Ex. 21. Last Will and Testament of Oralia Rojas.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

BY:     *s/ Hilda M. Garcia Concepcion*
        **HILDA M. GARCIA CONCEPCION**
        Assistant United States Attorney
        Southern District of Texas No.: 3399716
        Puerto Rico Bar No. 15494
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 618-8004
        Facsimile: (956) 618-8016
        E-mail:Hilda.Garcia.Concepcion@usdoj.gov
        Attorney-In-Charge for the United States of
        America

        and

        **ALYSSA IGLESIAS**
        Assistant United States Attorney
        Southern District of Texas No.: 3610302
        Florida Bar No.: 103383
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 992-9351
        Facsimile: (956) 992-9425
        E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF SERVICE

I, Hilda M. Garcia Concepcion, United States Attorney for the Southern District of Texas,
hereby certify that on September 8, 2021, a copy of the foregoing was served on all parties in
accordance with the Federal Rules of Civil Procedure.

BY:     *s/ Hilda Garcia Concepcion*
        **HILDA M. GARCIA CONCEPCION**
        Assistant United States Attorney