United States District Court
Southern District of Texas
**ENTERED**
September 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:20-cv-00425 |
| 4.587 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and § | |
| FLORENTINO LUERA, et al., § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

The Court now considers Defendant Florentino Luera's "Motion for Partial Summary Judgment on Defendant Luera's Adverse Possession Crossclaim"[1] and Plaintiff United States' "Amicus Brief Regarding Ownership of Subject Property."[2] On July 20, 2021, the Court recognized that "no Defendant has come forward to oppose Defendant Luera's allegations of adverse possession" despite the six months that elapsed since he filed his crossclaim, so the Court ordered Defendant Luera to file a motion seeking judgment on his adverse possession claim, ordered the United States to respond to Defendant Luera's claim, and ordered all other parties who wish to respond to do so by September 9th.[3] To date, only Defendant Luera and Plaintiff United States have filed timely briefs on the adverse possession issue. Accordingly, Defendant Luera's motion and the United States' amicus brief in agreement with Defendant Luera's claim to title are

---

[1] Dkt. No. 178.
[2] Dkt. No. 182.
[3] Dkt. No. 166.


submitted unopposed for the Court's consideration.[4] After considering the briefs, record, and relevant authorities, the Court **GRANTS** Defendant's motion for partial summary judgment.

## I. BACKGROUND

The United States commenced this eminent domain case under Public Law 107-217[5] on December 18, 2020.[6] The United States named at least eighty-six known Defendants, in addition to numerous unknown Defendants,[7] despite agreeing that "Florentino Luera is the sole title owner of the subject property under color of title" because the United States identified "multiple title issues, title gaps, and wild deeds."[8] However, the issue of title to the subject property is now ripe for determination. The Court turns to the analysis.

## II. DISCUSSION

### a. Legal Standard

The Court is charged with determining the true owner of condemned land and who should properly receive just compensation for the taking.[9] Therefore, the Court looks to local law to determine the appropriate recipient.[10] "[T]he burden is on the landowner to identify his land" when there are competing claimants,[11] but the Court will award summary judgment to a claimant or

---

[4] *See* LR7.3–7.4.
[5] Act of Aug. 21, 2002, ch. 31, Pub. L. No. 107-217, 116 Stat. 1062 (codified at 40 U.S.C. §§ 3111–18); *see* Act of Feb. 26, 1931, ch. 307, Pub. L. No. 71-736, 46 Stat. 1421 (codifying 40 U.S.C. § 258a, now 40 U.S.C. § 3114); *United States v. Dow*, 357 U.S. 17, 22 (1958) (calling these provisions the "Declaration of Taking Act").
[6] Dkt. No. 1.
[7] *See* Dkt. No. 12 at 1.
[8] Dkt. No. 182 at 3, ¶ 10.
[9] *United States v. 22,680 Acres of Land in Kleberg Cnty.*, 438 F.2d 75, 77 (5th Cir. 1971) (per curiam); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950) ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt, and technical considerations ought not to limit it. The Constitution requires that just compensation be made and the statutes charge the district court with seeing that this is done. It cannot be done by paying it to the wrong persons.").
[10] *United States v. 0.073 Acres of Land, more or less, situate in Pars. of Orleans & Jefferson*, 705 F.3d 540, 544 (5th Cir. 2013) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 279 (1943)); *see United States v. 1,078.27 Acres of Land, more or less, situated in Galveston Cnty.*, 446 F.2d 1030, 1040 (5th Cir. 1971) ("Local, rather than federal, law applies in a land title dispute of this nature.").
[11] *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966) (citing *United States v. Turner*, 175 F.2d 644 (5th Cir. 1949)).

claimants when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]

Under local law, a claimant may establish their title to property by a claim of adverse possession.[13] "An adverse possession claim requires proof of six elements: (1) actual possession of the disputed property, (2) that is open and notorious, (3) that is peaceable, (4) under a claim of right, (5) that is adverse or hostile to the claim of the owner, (6) consistently and continuously for the duration of the statutory period."[14] A claimant may avail of the different statutory periods (such as five years and ten years) set forth in Texas law if the claimant meets the requirements under the law.[15]

### b. Analysis

Defendant Luera argues that he satisfies each element of an adverse possession claim,[16] and the United States "agrees that Florentino Luera is the sole title owner under color of title and has remained in exclusive, continuous possession since 1998, meeting the standard of adverse possession under state law."[17] No party disputes this claim, despite Defendant Luera's crossclaim for adverse possession having been pending since January 2021,[18] and having been served via certified mail on his co-Defendants.[19] Again, no party has timely responded to Defendant Luera's motion seeking favorable summary judgment on his adverse possession crossclaim, so his motion

---

[12] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[13] *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021 (West 2021).
[14] *Glover v. Union Pac. R.R.*, 187 S.W.3d 201, 213 (Tex. App.—Texarkana 2006, pet. denied) (citing *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193–94 (Tex. 2003)); *see Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).
[15] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.025–16.026.
[16] Dkt. No. 178 at 8, ¶ 12.
[17] Dkt. No. 182 at 19, ¶ 75.
[18] Dkt. No. 9 at 7–8, ¶ 26.
[19] *See* Dkt. No. 38 at 1–2 (describing the efforts Defendant Luera undertook to serve his notice of appearance and answer).

is submitted unopposed.[20] Accordingly, and for the following reasons, the Court agrees that Defendant Luera is entitled to a judicial determination that he is the sole owner of the subject property and the only person entitled to just compensation for its taking.

First, Defendant Luera has actually possessed the relevant property (the parent parcel designated "Parcel S-14-Q" out of which the United States seeks to take a smaller tract[21]) in an open and notorious manner. The use and possession of land "must constitute an actual and visible appropriation of the land such that the true owner is given notice of a hostile claim."[22] "Acts that may show actual and visible appropriation of real property include grazing cattle, building fences, and the occupation of land."[23] Furthermore, "[c]ultivating the land continuously over a ten year period is generally sufficient to establish open, notorious, and hostile possession."[24] After purchasing apparent title to the property in December 1998,[25] Defendant Luera undertook substantial efforts to establish his actual, notorious, and open possession of the property. Mr. Luera spent significant sums in 1999—including about $1,400 worth of cattle fencing on July 28, 1999[26]—and thereafter erected a fence, which he completed and which has remained up continuously since the end of 2000, around the entire parent parcel.[27] Mr. Luera has maintained the fence.[28] Mr. Luera has also "continuously raised animals" on the property, including horses and cattle, for approximately the past twenty years. He is "currently raising cattle, sheep, pigs, and chickens on the property."[29] "The ordinary case for the acquisition of title by adverse possession,

---

[20] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[21] *See* Dkt. No. 1-1 at 6.
[22] *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).
[23] *Mendoza v. Ramirez*, 336 S.W.3d 321, 328 (Tex. App.—El Paso 2010, pet. denied) (collecting cases).
[24] *Clements v. Corbin*, 891 S.W.2d 276, 279 (Tex. App.—Corpus Christi 1994, writ denied) (citing *De Alonzo v. Solis*, 709 S.W.2d 690, 693 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.).
[25] *See* Dkt. No. 182-1.
[26] Dkt. No. 178-8 at 2.
[27] Dkt. No. 178-2 at 6–7, ¶¶ 14–17.
[28] *See id.* at 7, ¶ 18 (citing Dkt. No. 178-10) (describing Mr. Luera's fence maintenance performed in July 2010).
[29] *Id.* at 9, ¶ 24.

when the use is grazing, is one in which the person claiming title under the statute has built a fence or fences enclosing the land and has maintained the enclosure and continuously used the land for grazing during the statutory period."[30] The Court finds that Mr. Luera has satisfied this standard, and the first two elements of an adverse possession claim, for approximately the last 20 years.

Second, Defendant Luera's possession of the relevant property has been peaceable. "'Peaceable possession' means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property."[31] "The running of the limitation period is stopped as of the filing of the petition to determine title, even though the adverse claimant continues in actual possession of the land. But the suit must be prosecuted to a final judgment. If it is abandoned, it is as if it had never been instituted."[32] Mr. Luera avers that he is:

> not aware of any claim or demand made against me or any lawsuit filed against me by any other individual person regarding the Parent Tract, including all of the individuals listed in the document that the United States government filed in the Lawsuit listing all the people they think own my property. I have never been sued, other than when the United States sued me to take the Property.[33]

Mr. Luera's son similarly avers that there has never been a formal claim, demand, or lawsuit against Defendant Luera with respect to the subject property.[34] The Court therefore finds that Defendant Luera's possession satisfies the peaceable element of an adverse possession claim.

Third, Defendant Luera has made a claim of right that is hostile and adverse to a claim of any other potential owner. A proper claim of right requires the claimant seeking a favorable adverse possession judgment to actually believe they are the rightful owner or at least to hold the property without the mental reservation that they will, in the future, yield it to the rightful owner.[35]

---

[30] *Orsborn v. Deep Rock Oil Corp.*, 267 S.W.2d 781, 785 (Tex. 1954).
[31] TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(3).
[32] *Dalo v. Laughlin*, 636 S.W.2d 585, 589 (Tex. App.—San Antonio 1982, no writ).
[33] Dkt. No. 178-2 at 8, ¶ 20.
[34] Dkt. No. 178-26 at 3, ¶ 5.
[35] *Calfee v. Duke*, 544 S.W.2d 640, 642 (Tex. 1976).

A hostile claim of right "must be an intention to claim property as one's own to the exclusion of all others; mere occupancy of land without any intention to appropriate it will not support the statute of limitations."[36] Here, Mr. Luera has demonstrably made a claim of right that is hostile to the claims of any other owner. Immediately after his 1998 purchase, he "intended to use the land for [him]self and [his] family," and he promptly "buil[t] a new fence around the Parent Tract to make it clear to anyone else who was entering the Parent Tract that they were not permitted to do so."[37] After a 1999 dispute in which Defendant Luera attempted to exclude International Boundary and Water Commission agents from his property,[38] and the Commission explained the boundaries of its property in a November 22, 1999 letter,[39] Mr. Luera erected a fence[40] which persists to this day intending to exclude others and claim the property as his own.[41] Mr. Luera even paid for a land survey and recorded in the official records of Starr County an affidavit of possession in 1999 because he "thought it would help prove [his] ownership of the properties, including the Parent Tract, to any other person who might have an interest in the properties."[42] The Court therefore finds that Defendant Luera satisfies the elements of an adverse possession claim that he hold the property under a claim of right that is adverse or hostile to the claim of any other owner.

Finally, Defendant Luera has consistently and continuously used the property for the requisite statutory period. A party claiming adverse possession must have "consistently and

---

[36] *Tran v. Macha*, 213 S.W.3d 913, 915 (Tex. 2006) (alteration and quotation omitted); *see Villarreal v. Guerra*, 446 S.W.3d 404, 410 (Tex. App.—San Antonio 2014, pet. denied) ("The test for hostility is whether acts performed by the claimant on the land, and the use made of the land, were of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property.").
[37] Dkt. No. 178-2 at 5, ¶ 12.
[38] *Id*. at 6, ¶ 13.
[39] *See* Dkt. No. 178-5 at 2.
[40] *See* Dkt. No. 178-2 at 6, ¶ 14.
[41] *See id*. at 7, ¶ 19 (citing Dkt. No. 178-11).
[42] *Id*. at 5, ¶ 10 (citing Dkt. No. 178-27).

continuously cultivated, used, or enjoyed the property" for the statutory period.[43] There "must be an actual and visible appropriation of the land for 10 or more consecutive years" if ten years is the relevant statutory period.[44] Here, there are two relevant statutory periods, and both Defendant Luera and the United States agree that he qualifies under either.[45] Under Texas Civil Practice & Remedies Code § 16.025, a 5-year statutory period for adverse possession applies if the person, among other things, claims to own the property under a duly registered deed. Under § 16.026, a 10-year statutory period for adverse possession applies if the person "cultivates, uses, or enjoys the property" without the necessity of a title instrument. Defendant Luera completed construction of a fence on the property "by December 31, 2000" and the fence "has been up continuously for more than twenty years now."[46] Additionally, for approximately the last twenty years, Defendant Luera avers that he has "continuously raised animals on the Parent Tract as a form of recreation and occasionally for sale at auction."[47] The Court finds that Defendant Luera has demonstrated his actual, visible, and continuous use of the property since December 31, 2000. Although Mr. Luera satisfies the 5-year statutory period because he has used and paid taxes on the property[48] and "claims the property under a duly registered deed,"[49] he also satisfies the 10-year statutory period under § 16.026.

---

[43] *Nelson v. Go Green, LLC*, No. 14-17-00571-CV, 2018 Tex. App. LEXIS 6709, at *6 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, no pet.).
[44] *Lofton v. Dyer*, No. 01-07-00184-CV, 2008 Tex. App. LEXIS 3533, at *11–12 (Tex. App.—Houston [1st Dist.] May 15, 2008, pet. denied).
[45] Dkt. No. 178 at 10, ¶ 18; Dkt. No. 182 at 19, ¶ 75.
[46] Dkt. No. 178-2 at 7, ¶ 17; *accord* Dkt. No. 178-26 at 2, ¶ 4 ("[Defendant Luera] started working on the new fence shortly after he purchased the property and I helped him build it. I do not know exactly when we finished the fence, but I think it was probably in the year 2000. The fence that my father built has been around the property ever since.").
[47] Dkt. No. 178-2 at 9, ¶ 22.
[48] *Compare* Dkt. No. 178-29, *with* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a)(2).
[49] *Compare* Dkt. No. 182-1, *with* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a)(3).

### III. CONCLUSION AND HOLDING

The Court is satisfied that there is no genuine dispute of any material fact that Defendant Luera can and has satisfied all elements of an adverse possession claim, under the relevant local law, over the subject property in this eminent domain case. For the foregoing reasons, the Court **GRANTS** Defendant Luera's motion for partial summary judgment on his adverse possession crossclaim.[50] The Court finds that Defendant Luera is the rightful and sole owner of Parcel S-14-Q. The Court therefore **DISMISSES** all Defendants named in this case except for Defendant Florentino Luera and Defendant 4.587 acres of land, more or less, in Starr County, Texas. The Court's April 7, 2021 scheduling order remains in effect.[51]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[50] Dkt. No. 178.
[51] Dkt. No. 121.