United States District Court
Southern District of Texas
**ENTERED**
October 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:20-cv-00425 | |
| 4.587 ACRES OF LAND, more or less, in § | |
| STARR COUNTY, TEXAS; and § | |
| FLORENTINO LUERA, § | |
| § | |
| Defendants. § | |

## ORDER

The Court now considers the parties' "Stipulation of Revestment."[1] Plaintiff United States commenced this eminent domain case under Public Law 107-217[2] on December 18, 2020, to take fee simple title to Tract RGV-RGC-1007, which is a 4.587-acre parcel of land out of the recorded Parcel S-14-Q and designated by metes and bounds as described in the United States' Schedules C and D.[3] On January 13, 2021, Plaintiff United States deposited $21,874 in the registry of the Court as estimated just compensation pursuant to Federal Rule of Civil Procedure 71.1(j)(1) and 40 U.S.C. § 3114(b).[4]

On July 20, 2021, the Court noted that it "has been bedeviled by the need to substitute and dismiss numerous other Defendants" who may not have an interest in the case and ordered Defendant Florentino Luera to move forward on his adverse possession crossclaim.[5] Defendant

---

[1] Dkt. No. 184.
[2] Act of Aug. 21, 2002, ch. 31, Pub. L. No. 107-217, 116 Stat. 1062 (codified at 40 U.S.C. §§ 3111–18); *see* Act of Feb. 26, 1931, ch. 307, Pub. L. No. 71-736, 46 Stat. 1421 (codifying 40 U.S.C. § 258a, now 40 U.S.C. § 3114); *United States v. Dow*, 357 U.S. 17, 22 (1958) (calling these provisions the "Declaration of Taking Act").
[3] Dkt. No. 1-1 at 5–12.
[4] Dkt. No. 11; *see* Dkt. No. 1-1 at 17 (estimating $21,874 to be just compensation).
[5] Dkt. No. 166.

Luera did so,[6] and, on September 13th, the Court agreed with Plaintiff and Defendant Luera that Defendant Luera was entitled to a grant of summary judgment that he was "the rightful and sole owner of Parcel S-14-Q."[7] The instant stipulation by the United States and Defendant Luera to revest all property in Defendant Luera followed soon after.[8]

In the stipulation, the parties move the Court to return the entire $21,874 deposited to "F & A Officer, USAED, Fort Worth."[9] As the Court recently discovered, this cryptic recipient is the "Finance and Accounting Officer [of the] U.S. Army Engineer District" and is an agent of the United States.[10] Although the Court would ordinarily ensure that some sum compensate Defendant Luera for the United States' temporary interference with his property,[11] neither party requests any compensation be paid to Defendant. Nonetheless, the Court finds good cause in the parties' request that the Court revest Defendant's property and return the United States' deposit. The Court therefore **GRANTS** the parties' stipulation[12] subject to the terms that appear in the Court's final judgment. Upon entry of the final judgment, this case will terminate.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of October 2021.

_____
Micaela Alvarez
United States District Judge

---

[6] Dkt. No. 178.
[7] Dkt. No. 183 at 8.
[8] Dkt. No. 184.
[9] *Id.* at 2–3, ¶ 8.
[10] *United States v. 2.6433 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:08-cv-302, Dkt. No. 173 at 2 (S.D. Tex. Sept. 21, 2021) (Alvarez, J.).
[11] *See* FED. R. CIV. P. 71.1(i)(1)(C); *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 33 (2012).
[12] Dkt. No. 184.